IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

ST. THOMAS AND ST. JOHN DIVISION

| UNITED STATES OF AMERICA, | Case No. ^^^^^^^ |
|---|---|
| Plaintiff, | **COMPLAINT** |
| v. | |
| THE GOVERNMENT OF THE VIRGIN ISLANDS, THE VIRGIN ISLANDS POLICE DEPARTMENT, and MARIO BROOKS, in his official capacity as Police Commissioner of the territory of the Virgin Islands, | |
| Defendants. | |

Plaintiff, the United States of America, by and through its undersigned counsel, hereby brings this action against Defendants the Government of the Virgin Islands ("USVI"), the Virgin Islands Police Department ("VIPD"), and Mario M. Brooks, in his official capacity as Police Commissioner of United States Virgin Islands ("Defendant Brooks") (collectively "VI Defendants"), and makes the following allegations:

## INTRODUCTION

1. The "right of the people to keep and bear Arms," U.S. Const. amend. II, is a "fundamental right," *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 60 (2022). The Second and the Fourteenth Amendments protect the right of law-abiding citizens to possess a handgun at home and to carry one outside the home for lawful purposes such as self-defense. *Id.* at 9-10.

2. Despite the Supreme Court's unequivocal and repeated endorsement of an individual right to keep and bear arms, *see id.*; *McDonald v. City of Chicago*, 561 U.S. 742 (2010); and *District of Columbia v. Heller*, 554 U.S. 570 (2008), the VI Defendants have continued to obstruct and systematically deny law-abiding American citizens this fundamental right by systematically delaying the processing of applications and imposing unconstitutional conditions on the exercise of this constitutional right.

3. The conduct by the USVI, the VIPD, and Defendant Brooks has rendered the constitutional right to keep and bear arms a virtual nullity within the United States Virgin Islands territory.

4. VI Defendants have defied binding Supreme Court precedent to frustrate the Second Amendment rights of law-abiding American citizens.

5. VIPD and Defendant Brooks continue to enforce Virgin Islands laws nearly identical to those struck down by the Supreme Court in *Bruen*. VI Defendants require that applicants submit to intrusive and warrantless home searches as a condition of obtaining a gun permit. They demand that applicants unnecessarily spend money to install a safe and further require the safe to be bolted either to the floor or wall of applicant's home as a condition of granting a permit, even though in *Heller*, the Supreme Court held that a similar requirement is unconstitutional. *See* 554 U.S. at 635 (holding that the District of Columbia's "prohibition against [possessing a] lawful firearm in the home operable for the purpose of *immediate* self-defense" violates the Second Amendment) (emphasis added). VI Defendants unreasonably delay the processing of applications, even from those individuals who are willing to comply with blatantly unconstitutional requirements.

6. This case concerns a coordinated effort by all three VI Defendants to nullify through unconstitutional, bureaucratic barriers a right that the Supreme Court of the United States has repeatedly recognized.

7. The United States brings this action under the Violent Crime Control and Law Enforcement Act of 1994, 34 U.S.C. § 12601(b) to restore the Second Amendment rights of law-abiding citizens.

**PARTIES**

8. Plaintiff is the United States of America.

9. Defendant the Government of the Virgin Islands is a governmental entity within the meaning of 34 U.S.C. § 12601, is responsible for funding Defendants VIPD and Brooks, and is responsible for their acts or omissions.

10. Defendant VIPD is the chief law enforcement agency responsible for the USVI. Under the auspices of Defendant Brooks, VIPD is responsible for the issuance of a license to carry a concealed firearm to qualified applicants who reside or have a principal place of employment or business within USVI. *See* 23 V.I.C. §§ 451(b); 454; 455.

11. Defendant Brooks is the Commissioner of the United States Virgin Islands Police Department, and he has held that position since on or about January 23, 2025. In his capacity as the Commissioner of VIPD, Defendant Brooks is the official responsible for issuing licenses to both possess and carry firearms to qualified applicants within USVI. *See* 23 V.I.C. §§ 451(b); 454; 455.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action under 48 U.S.C. § 1612(a) and 28 U.S.C. §§ 1331, 1343(a)(3), and 1345.

13. The United States is authorized to initiate this action against VI Defendants and seek equitable relief under the Violent Crime Control and Law Enforcement Act of 1994, 34 U.S.C. § 12601(b).

14. Venue is proper in the District of Virgin Islands pursuant to 28 U.S.C. § 1391(b)(1)-(2) because all VI Defendants are located in and carry out their operations primarily in the District of Virgin Islands, and the events or omissions giving rise to this claim, including the processing of applications for licenses to carry a firearm, occurred within the same district.

## REGULATORY BACKGROUND

15. In the USVI, mere "possession" of a firearm, whether openly, concealed, or possessed in the home for self-defense, is a crime unless one of several specific exemptions applies. *See* 14 V.I.C. §2253; 23 V.I.C. § 452.

16. Persons with a valid license to possess or carry a firearm issued under the licensing regime set forth in 23 V.I.C. §§ 453-459 are exempt from the general prohibition on possessing or carrying a firearm. 23 V.I.C. § 452.

17. In his official capacity as Commissioner of VIPD, Defendant Brooks supervises VIPD. 23 V.I.C. § 2(a). He discharges his official duties individually and through the VIPD officers who assist him in the performance of those duties. *See* 3 V.I.C. § 257 (a)(3) ("The Department shall exercise general control over the enforcement of the laws relating to public safety, and shall … administer a police system providing police service for the protection of persons and property within the jurisdiction of the Virgin Islands"); *id.* § 252(c) ("The Department shall be administered under the supervision and direction of the Commissioner"); 23 V.I.C. § 8(b) ("All members of [VIPD] shall perform such duties as may be assigned to them by the Police Commissioner").

18. Defendant Brooks, in his official capacity as the Commissioner of VIPD, is statutorily charged with authority and duty to issue licenses to possess and carry firearms to qualified applicants. 23 V.I.C. §§ 454-455. Therefore, Defendant Brooks' official duties include accepting applications from, and issuing licenses to possess and carry firearms to, USVI individuals who satisfy applicable statutory eligibility requirements. *Id*.

19. A USVI license to possess or carry a firearm is valid for no more than three years from the date of issuance. 23 V.I.C. § 455(b).

20. The Virgin Islands Code requires an applicant's "good moral character" for issuance of a firearm license but does not establish any specific standard for its "good moral character" requirement. Nor does the statute define it. *See* 23 V.I.C. § 456(a). The statute, however, permits denial of a license whenever a "proper reason exists to deny such application," but does not define what may constitute such "proper reason." *Id.* § 456(a)(6).

21. USVI law generally denies private individuals the right to carry a firearm unless such a person "established to the satisfaction of the Commissioner [of VIPD] that he has good reason to fear death or great injury to his person or property, or … any other proper reason for carrying a firearm, and the circumstances of the case, established by affidavit of the applicant and of at least two credible persons, demonstrate the need for such license." 23 V.I.C. § 454(3).

22. Each license issued to an individual who has satisfied the requirements of the statute applies to a specific firearm, and additional licenses must be obtained for each additional firearm that an individual wishes to possess. *See* 23 V.I.C. § 457(a)(5) (specifying that each license must have a "[d]escription of the firearm authorized to be carried, showing the serial number, if any."). Each gun so licensed must be annually inspected by VIPD. *See id.* § 457(a)(8).

23. VI Defendants are entitled by USVI law, and regularly do, refuse to issue a license to "any person who for justifiable reasons is deemed to be an improper person by the Commissioner." 23 V.I.C. § 458.

24. Possessing or carrying an unlicensed firearm is an offense subjecting an individual to a term of "imprisonment of not less than ten years," and/or a fine "not less than $10,000 nor more than $15,000." 14 V.I.C. § 2253(a).

25. USVI law obligates every "person who owns, possesses, purchases, or acquires a firearm … [to] be responsible for the safe storage of the firearm." 23 V.I.C. § 489a(a). "Safe storage" is defined as "the storage of a firearm in a locked manner so as to prevent discharge or the storage of a firearm in a safe location that is inaccessible to all except the licensed owner of the firearm." *Id.* § 489a(d). Despite the absence of a specific statutory requirement, VIPD requires installation of a safe that is bolted to the floor or a wall of a dwelling as a condition of issuance of a firearms permit.

## FACTUAL ALLEGATIONS[1]

26. The first step for an individual seeking a firearms license is to complete and file an application with VIPD. Next, VIPD conducts an investigation of the application. 23 V.I.C. § 456(a).

27. The application process that the Commissioner of VIPD established requires an applicant to provide a purpose for seeking ownership of a firearm. Ex. 1 at 1.

---

[1] The Factual Allegations in this Complaint are based on information that several applicants for a USVI firearms permit provided to the United States, among other residents.

28. Following the filing of the application, VIPD investigates the applicant, which includes a mandatory inspection of the applicant's home. VIPD does not establish probable cause of a legal violation for these searches. If the applicant does not consent to a home inspection, VIPD refuses to process the application, which operates as a *de facto* denial.

29. Prior to the home inspection, and absent any legal authority, VIPD requires the applicant to install a safe that is permanently bolted to the home's wall or floor where a licensed firearm is to be stored. VIPD requires that each applicant have his or her own safe even if they share a home with another applicant (as in the case of married couples).

30. The VIPD takes several months to a year to schedule and complete a home inspection.

31. In addition to conducting a home inspection, VIPD interviews "character vouchers" who must opine that the applicant is "a fit and proper person to have a firearm." Thus, an individual's ability to exercise his Second Amendment rights is conditioned on consent and recommendation of other citizens.

32. VIPD denies firearms licenses to otherwise qualified applicants whenever it deems that the applicant has "too many" firearms.

33. VIPD has a pattern or practice of not issuing a license to carry a firearm unless the applicant "established to the satisfaction of the Commissioner [of VIPD] that he has good reason to fear death or great injury to his person or property, or who establishes any other proper reason for carrying a firearm, and the circumstances of the case, established by affidavit of the applicant and of at least two credible persons, demonstrate the need for such license." 23 V.I.C. § 454(3). The Commissioner is vested with complete discretion to determine what constitutes "good reason" or "proper reason."

## COUNT I

**(Violation of 34 U.S.C. § 12601—Unconstitutional Conditions)**

34. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1-33 above as if fully set forth herein.

35. The United States is authorized under 34 U.S.C. § 12601 to seek declaratory and equitable relief to eliminate a pattern or practice of law enforcement officer conduct that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

36. The Second Amendment of the United States Constitution generally protects the right of law-abiding citizens to keep and bear arms for lawful purposes, both within their homes and outside of their homes. The rights the Second Amendment protects are "fundamental." *Bruen*, 597 U.S. at 60. Furthermore, Congress has explicitly extended Second Amendment protections to USVI. *See* 48 U.S.C. § 1561, ¶23.

37. Law-abiding citizens have a fundamental right to possess guns in their homes "operable for the purpose of *immediate* self-defense." *Heller*, 554 U.S. at 635 (emphasis added).

38. Law-abiding citizens also have a fundamental right to "carry handguns publicly for self-defense." *See Bruen*, 597 U.S. at 9-10.

39. Governments must have a "nexus and "rough proportionality" between the property that the government demands and the social costs of the applicant's proposal." *See Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 605 (2013).

40. The Government of the Virgin Islands and VIPD are governmental authorities subject to the prohibition in 34 U.S.C. § 12601(a), and the officers in their employ, including Defendant Brooks, are law enforcement officers who act on their behalf in the discharge of their duties, including the duty to process applications for a license to possess firearms that is necessary for law-abiding citizens in USVI to exercise their constitutional right to possess guns in their homes "operable for the purpose of immediate self-defense," *Heller*, 554 U.S. at 635, and "to carry a handgun for self-defense outside the home," *Bruen*, 597 U.S. at 8.

41. The systematic practice by all three VI Defendants of requiring applicants to consent to unreasonable warrantless searches of their homes and to spend money to purchase and install safes has deprived, and continues to deprive, law-abiding citizens who

applied for a new license to possess or carry a firearm of their Second Amendment rights by:

    a. Unconstitutionally conditioning the grant of a license to possess or carry a firearm on a waiver of a constitutional right to be free from unreasonable warrantless searches of their dwellings; and

    b. Unconstitutionally conditioning the grant of a license to possess or carry a firearm on expenditures of money to purchase and install safes.

42. Accordingly, VI Defendants have engaged, and continue to engage, in a pattern or practice of conduct by law enforcement officers that deprives people of rights secured and protected by the Constitution, in violation of 34 U.S.C. § 12601(a).

43. Unless enjoined by this Court, VI Defendants will continue to engage in the pattern or practice of the unconstitutional conduct described above, which deprives law-abiding citizens of their constitutional right to bear arms in their homes in USVI.

## COUNT II
### (Violation of 34 U.S.C. § 12601—Unreasonable Delays)

44. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1-43 above as if fully set forth herein.

45. Although government may require individuals seeking to exercise their Second Amendment rights to obtain a license, "lengthy wait times in processing license applications … deny ordinary citizens their right to [possess or] public carry" a firearm. *Bruen*, 597 U.S. at 38 n.9.

46. The Government of the Virgin Islands and VIPD are governmental authorities subject to the prohibition in 34 U.S.C. § 12601(a), and the officers in their employ, including Defendant Brooks, are law enforcement officers who act on their behalf in the discharge of their duties, including the duty to process applications for a license to possess firearms that is necessary for law-abiding citizens in USVI to exercise their constitutional right to possess guns in their homes "operable for the purpose of immediate

self-defense," *Heller*, 554 U.S. at 635, and "to carry a handgun for self-defense outside the home," *Bruen*, 597 U.S. at 8.

47. The systematic practice by all three VI Defendants of delaying the processing of firearms license applications has deprived, and continues to deprive, law-abiding citizens who applied for a new license to possess or carry a firearm of their Second Amendment rights by:

    a. Denying applicants a prompt determination of their applications within a reasonable time;

    b. Failing to provide applicants with meaningful notice of the status of their applications or reasons for delays;

    c. Unreasonably delaying the required annual firearm inspection, thus denying applicants access to their firearms; and

    d. Effectively forcing applicants to abandon their constitutional rights through administrative exhaustion.

48. Accordingly, VI Defendants have engaged, and continue to engage, in a pattern or practice of conduct by law enforcement officers that deprives people of rights secured and protected by the Constitution, in violation of 34 U.S.C. § 12601(a).

## COUNT III
**(Violation of 34 U.S.C. § 12601—Unconstitutional "Proper Reason" Requirement)**

49. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1-48 above as if fully set forth herein.

50. Government may not predicate the exercise of any constitutional right, including a Second Amendment right to keep and bear arms, upon the citizen's convincing government officials that he or she has "some special need" to exercise the right in question. *See Bruen* 597 U.S. at 70-71.

51. The USVI statute that limits permits to carry concealed weapons only to individuals who "establish[] to the satisfaction of the Commissioner that" they have a

"proper reason for carrying a firearm," 23 V.I.C. § 454(3), is indistinguishable from the New York statute held unconstitutional in *Bruen*.

52.   The Government of the Virgin Islands and VIPD are governmental authorities subject to the prohibition in 34 U.S.C. § 12601(a), and the officers in their employ, including Defendant Brooks, are law enforcement officers who act on their behalf in the discharge of their duties, including the duty to process applications for a license to possess firearms that, at least under USVI law, is necessary for law-abiding citizens in USVI to exercise their constitutional right to possess guns in their homes "operable for the purpose of immediate self-defense," *Heller*, 554 U.S. at 635, and "to carry a handgun for self-defense outside the home," *Bruen*, 597 U.S. at 8.

53.   The systematic practice by VI Defendants of conditioning a permit for concealed carry of a firearm upon the applicant's showing of a "proper reason" has deprived, and continues to deprive, law-abiding citizens who applied for a new license to possess or carry a firearm of their Second Amendment rights.

54.   Accordingly, VI Defendants have engaged, and continue to engage, in a pattern or practice of conduct by law enforcement officers that deprives people of rights secured and protected by the Constitution, in violation of 34 U.S.C. § 12601(a).

## **PRAYER FOR RELIEF**

55.   WHEREFORE, the United States hereby prays that the Court grant the following relief:

   a.   A declaration that USVI, VIPD, and Defendant Brooks are engaged in a pattern or practice of conduct by law enforcement officers that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States in violation of the Violent Crime Control and Law Enforcement Act of 1994, 34 U.S.C. §12601, including, but not limited to:

      i.   A declaration that VI Defendants' pattern or practice of requiring law-abiding applicants for firearms permits to consent to unreasonable

warrantless searches of their homes is an unconstitutional condition on the exercise of their Second Amendment rights and violates these selfsame rights;

      ii.    A declaration that VI Defendants' pattern or practice of requiring law-abiding applicants for firearms permits to purchase and install safes for storages of firearms is an unconstitutional condition on the exercise of their Second Amendment rights and violates these selfsame rights;

      iii.    A declaration that VI Defendants' pattern or practice of subjecting law-abiding applicants for firearms permits to excessive delays either at the application stage or annual firearm inspection stage violates the Second Amendment;

      iv.    A declaration that VI Defendants' pattern or practice of conditioning a permit for a concealed carry of a firearm upon the applicant's showing of a "proper reason" violates the Second Amendment;

      v.    A declaration that VI Defendants' pattern or practice of refusing licenses for justifiable reasons to Defendant Brooks and the VIPD violates the Second Amendment;

b.    A permanent injunction prohibiting VI Defendants from implementing USVI laws and regulations governing the issuance of firearms licenses, including, but not limited to, 14 V.IC. §2253 and 23 V.I.C. §§ 452-459, in a manner that violates 34 U.S.C. § 12601, as alleged herein; and

c.    An award of all such additional relief as the interests of justice may require.

| | |
|---|---|
| DATED: December 16, 2025 | Respectfully submitted: |
| ADAM SLEEPER<br>United States Attorney | HARMEET K. DHILLON<br>Assistant Attorney General<br>Civil Rights Division |
| */s/ Angela P. Tyson-Floyd* | JESUS A. OSETE<br>Principal Deputy Assistant Attorney General |
| ANGELA P. TYSON-FLOYD<br>Assistant United States Attorney | R. JONAS GEISSLER<br>Deputy Assistant Attorney General |
| 1108 King Street, Suite 201<br>Christiansted, V.I. 00820<br>Office: (340) 773-3920<br>angela.p.tyson-floyd@usdoj.gov | */s/ Andrew M. Darlington*<br>ANDREW M. DARLINGTON<br>Senior Counsel |
| | GREGORY DOLIN<br>Senior Counsel |
| | WILLIAM J. HANRAHAN<br>Trial Attorney, Special Litigation Section |
| | Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |