**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS/ST. JOHN**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 3:2025-CV-00050 |
| ) | |
| ) | COMPLAINT |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| THE GOVERNMENT OF THE VIRGIN ) | |
| ISLANDS, THE VIRGIN ISLANDS ) | |
| POLICE DEPARTMENT and ) | |
| MARIO BROOKS, in his Official ) | |
| Capacity as POLICE COMMISSIONER ) | |
| of the TERRITORY of the VIRGIN ) | |
| ISLANDS ) | |
| Defendants. ) | |
| ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

**COMES NOW** the Defendants, Government of the Virgin Islands (hereinafter "Government" or "GVI"), Virgin Islands Police Department and Mario Brooks in his Official Capacity as Police Commissioner of the Territory and hereby files this Answer and Affirmative Defenses to the Complaint in this matter, as follows:

1. Paragraph 1 of Plaintiff's Complaint makes no allegations against any Defendant and as such no response from Defendant is required.

2. The allegations set forth in Paragraph 2 of Plaintiff's Complaint are Denied.

3. The allegations set forth in Paragraph 3 of Plaintiff's Complaint are Denied.

4. The allegations set forth in Paragraph 4 of Plaintiff's Complaint are Denied.

5. The allegations set forth in Paragraph 5 of Plaintiff's Complaint are Denied.

6. The allegations set forth in Paragraph 6 of Plaintiff's Complaint are Denied.

7. Paragraph 7 of Plaintiff's Complaint makes no allegations against any Defendant and as such no response from Defendants is required.

8. Paragraph 8 of Plaintiff's Complaint makes no allegations against any Defendant and as such no response from Defendants is required.

9. The allegations set forth in Paragraph 9 of Plaintiff's Complaint are Denied as Stated. Defendants admit that the Government of the Virgin is a governmental body existing pursuant to the Revised Organic Act of 1954 and deny the remainder of the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. The allegations set forth in Paragraph 10 of Plaintiff's Complaint are Denied as Stated. VIPD is a non-jural entity without distinction or existence separate and apart from the Government of the Virgin Islands.  It lacks the ability to sue or be sued, and its actions or inactions can only be called into account by or through its Commissioner.  Defendants admit that Defendant Brooks is the VIPD Commissioner and is responsible for the issuance of firearms licenses pursuant to Title 23 of the Virgin Islands Code *as applied*.

11. The allegations of Paragraph 11 are Admitted.

12. Paragraph 12 of Plaintiff's Complaint makes no allegations against any Defendant and as such no response from Defendants is required.

13. The allegations set forth in Paragraph 13 of Plaintiff's Complaint are Denied.

14. Defendants admit that Plaintiff's Complaint makes allegations of events or omissions alleged to have occurred in this district.  Defendants deny that venue is proper in the St. Thomas / St. John Division.

USA v GVI, VIPD and Mario Brooks – 3:2025-CV-00050
Answer and Affirmative Defenses to Complaint
3

15. Defendant's deny the allegations set forth in Paragraph 15 of Plaintiff's Complaint as stated. Defendants admit that Title 14 makes unlawful possession a crime. The remainder of the allegations set forth in Paragraph 15 of Plaintiff's Complaint are denied.

16. The allegations set forth in Paragraph 16 of Plaintiff's Complaint are Admitted.

17. The allegations set forth in Paragraph 17 of Plaintiff's Complaint are Admitted.

18. The allegations set forth in Paragraph 18 of Plaintiff's Complaint are Admitted.

19. The allegations set forth in Paragraph 19 of Plaintiff's Complaint are Admitted.

20. The allegations set forth in Paragraph 20 of Plaintiff's Complaint are Denied as stated. While Title 23 of the Virgin Islands Code speaks for itself, Defendants deny that it is being enforced as written. As applied, Defendants deny continued imposition of a "good moral character" requirement, and further deny continued discretionary license denials.

21. The allegations set forth in Paragraph 21 of Plaintiff's Complaint are Denied.

22. The allegations set forth in Paragraph 22 of Plaintiff's Complaint are Admitted.

23. The allegations set forth in Paragraph 23 of Plaintiff's Complaint are Denied as stated. As applied, USVI law does not operate in the way alleged in Paragraph 23. And Defendants Deny that they regularly refuse to issue a license to "any person who for justifiable reasons is deemed to be an improper person by the commissioner." The Commissioner no longer exercises discretion in issuance or denial of firearms licenses.

24. Paragraph 24 of Plaintiff's Complaint makes no allegation against any defendant and as such does not require an answer. Further, Title 14 speaks for itself.

25. The allegations set forth in Paragraph 25 of Plaintiff's Complaint are denied as stated. Title 23 of the Virgin Islands Code speaks for itself. Defendants no longer require installation of a safe as a condition of the issuance of a firearms permit.

26. The allegations set forth in paragraph 26 of Plaintiff's Complaint are denied as stated. Defendants admit that an application must be submitted to obtain a firearms license. A license will typically be issued based upon the submitted papers without further investigation unless NCIC results prompt further investigation based upon disqualifiers such as the existence of a domestic violence restraining order. Any remaining allegations in Paragraph 26 of Plaintiff's Complaint are denied.

27. The allegations set forth in Paragraph 27 of Plaintiff's Complaint are denied.

28. The allegations set forth in Paragraph 28 of Plaintiff's Complaint are denied.

29. The allegations set forth in Paragraph 29 of Plaintiff's Complaint are denied.

30. The allegations set forth in Paragraph 30 of Plaintiff's Complaint are denied.

31. The allegations set forth in Paragraph 31 of Plaintiff's Complaint are denied.

32. The allegations set forth in Paragraph 32of Plaintiff's Complaint are denied.

33. The allegations set forth in Paragraph 33 of Plaintiff's Complaint are denied.

34. Defendants' responses to the allegation set forth in Paragraphs 1-33 are incorporated by reference as if fully set forth herein.

35. Paragraph 35 of Plaintiff's Complaint makes no allegation against any defendant and as such does not require an answer. Further, Title 34 U.S.C. §12601 speaks for itself. To the extent a response is required Defendants deny that 34 U.S.C. §12601 gives rise to a cause of action against them for merely applying Virgin Islands laws.

36. Paragraph 35 of Plaintiff's Complaint makes no allegation against any defendant and as such does not require an answer. Further, the United States Constitution speaks for itself.

37. Paragraph 37 of Plaintiff's Complaint makes no allegation against any defendant and as such does not require an answer.

38. Paragraph 38 of Plaintiff's Complaint makes no allegation against any defendant and as such does not require an answer.

39. Paragraph 35 of Plaintiff's Complaint makes no allegation against any defendant and as such does not require an answer.

40. Title 34 U.S.C. §12601 speaks for itself. To the extent that a response is required, Defendants admit that Defendant Brooks is a law enforcement officer who is responsible for the issuance of firearms licenses in the Territory. Defendant denies the remainder of the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of Plaintiff's Complaint

42. Defendants deny the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegation set forth in Paragraph 43 of Plaintiff's Complaint.

44. Defendants' responses to the allegation set forth in Paragraphs 1-43 are incorporated by reference as if fully set forth herein.

45. Paragraph 45 of Plaintiff's Complaint makes no allegations against Defendants and as such does not require a response. To the extent that Paragraph 45 requires a response from Defendants, the Second Amendment speaks for itself. Defendants deny "lengthy wait times" in processing license applications; and further deny any plaintiff has been denied the right to possess or carry a firearm pursuant to *Bruen*.

46. Title 34 U.S.C. §12601 speaks for itself. To the extent that a response is required, Defendants admit that Defendant Brooks is a law enforcement officer who is responsible for the issuance of firearms licenses in the Territory. Defendant denies the remainder of the allegations set forth in Paragraph 46 of Plaintiff's Complaint.

47. The allegations set forth in Paragraph 47 or Plaintiff's Complaint are denied.

USA v GVI, VIPD and Mario Brooks – 3:2025-CV-00050
Answer and Affirmative Defenses to Complaint
6

48. The allegations set forth in Paragraph 48 or Plaintiff's Complaint are denied.

49. Defendants' responses to the allegation set forth in Paragraphs 1-48 are incorporated by reference as if fully set forth herein.

50. Paragraph 45 of Plaintiff's Complaint makes no allegations against Defendants and as such does not require a response. To the extent that Paragraph 45 requires a response from Defendants, the Second Amendment speaks for itself. Defendants deny that they continue to require applicants to demonstrate "some special need;" and further deny any plaintiff has been denied the right to possess or carry a firearm pursuant to *Bruen*.

51. Title 23 of the Virgin Islands Code speaks for itself. Defendants deny that Title 23 *as applied* continues to require applicants to establish a proper reason for carrying a firearm.

52. Title 34 U.S.C. §12601 speaks for itself. To the extent that a response is required, Defendants admit that Defendant Brooks is a law enforcement officer who is responsible for the issuance of firearms licenses in the Territory. Defendants admit that a license is required to possess or carry a handgun in the Territory. Defendant denies the remainder of the allegations set forth in Paragraph 52 of Plaintiff's Complaint.

53. The allegations set forth in Paragraph 53 of Plaintiff's Complaint are denied.

54. The allegations set forth in Paragraph 54 of Plaintiff's Complaint are denied.

## AFFIRMATIVE DEFENSES

1. **UNCLEAN HANDS**. Plaintiff, United States of America comes to this court seeking declaratory and injunctive relief with unclean hands. Plaintiff invokes 34.U.S.C. §12601 which authorizes suit to enjoin any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, from engaging in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for

the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.  Plaintiff does so while at the same time employing hundreds of thousands of law enforcement officers concertedly engaging in patterns and practices of conduct depriving persons of rights, privileges and immunities secured and protected by the 1st, 2nd, 4th , 5th and 14th amendments to the Constitution of the United States in connection with President Trump's immigrant intimidation and mass deportation scheme.

For example, the United States of America asks this Court to enjoin Defendants from alleged practices impacting 2nd amendment rights of its residents while high-ranking officers of United States law enforcement agencies have made public statements indicating that the killing of Mr. Alex Pretti while exercising his 1st Amendment right to protest was justified because he had the audacity to legally carry a firearm on a public street--a right guaranteed by the 2nd Amendment.  Similarly, the United States of America has over the past 12 months demonstrated a pattern and practice of routinely unlawfully detaining (and even deporting) both United States Citizens and immigrants without probable cause in violation of their 4th Amendment right to be free from unreasonable searches and seizures, and their 5th and 14th Amendment rights to Due Process.  The United States of America cannot come to the Court with unclean hands and seek to enjoin others while engaging in such blatant, violative, and abusive patterns and practices itself.

**WHEREFORE**, Defendants pray that Plaintiff take nothing by way of its Complaint and that Defendants be awarded their costs, fees and such other relief as the Court may deem appropriate.

USA v GVI, VIPD and Mario Brooks – 3:2025-CV-00050
Answer and Affirmative Defenses to Complaint
8

                                    Respectfully Submitted,

                                    **GORDON RHEA, ESQ.**
                                  **ATTORNEY GENERAL**

                        By: /s/ *Christopher M. Timmons, Esq.*
                                  **CHRISTOPHER M. TIMMONS, ESQ.**
Dated: February 6, 2026         V.I. Bar No. R2147
                                  Chief, Civil Division
                                  Assistant Attorney General
                                  Virgin Islands Department of Justice
                                  6151Kingshill, VI 00850
                                  Telephone: (340) 773-0295
                                  christopher.timmons@doj.vi.gov
                                  *Attorney for Defendants*