**IN THE DISTRICT COURT OF THE VIRIN ISLANDS**
**DIVISION OF ST. THOMAS/ST. JOHN**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:2025-CV-00050 |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE GOVERNMENT OF THE VIRGIN | ) | |
| ISLANDS, THE VIRGIN ISLANDS | ) | |
| POLICE DEPARTMENT and | ) | |
| MARIO BROOKS, in his Official | ) | |
| Capacity as POLICE COMMISSIONER | ) | |
| of the TERRITORY of the VIRGIN | ) | |
| ISLANDS | ) | |
| **Defendants.** | ) | |
| | ) | |

**OPPOSITION TO PRELIMINARY INJUNCTION AND**

**RULE 12(b)(1) MOTION TO DISMISS**

COME NOW the Government of the Virgin Islands, Virgin Islands Police Department and Mario Brooks, in his official capacity as Police Commissioner of the Territory of the Virgin Islands, (hereinafter "GVI or Government") and hereby oppose the Plaintiff's Motion for Preliminary Injunction (ECF No. 46) and Plaintiff's Request to Enter Preliminary Injunction Forthwith (ECF No. 48).  In support of its Opposition, the GVI states that on June 24, 2026, the Governor of the Virgin Islands signed into law Act No. 9113, The 2026 Second Amendment Rights and Public Safety Act.  This Act repeals and replaces former Title 23 VIC § 451, 452,453, 454, 454a,455, 456, 456a, 457,458, 458, 459a, 460, 466, 471, 471, 472, 473, 480, 483, 485 and 489a, many of which were challenged as unconstitutional in Plaintiff's Complaint. (ECF No. 1). The Virgin Islands new gun licensing scheme provides clear and objective criteria for the issuance of gun licenses.  (See Exhibit A- Act No. 9113)

USA v. GVI, VIPD and Brooks
Case No. 2025—cv-00050
Opposition to Preliminary Injunction and 12(b)(1) Motion to Dismiss
Page 2 of 7

Undersigned counsel, on June 16, 2026, shared a copy of the proposed bill forwarded to the Governor and advised of expected passage by June 26, 2026. The GVI advised the Plaintiff that the proposed bill would addresses all past patterns and practices challenged under 34 U.S.C. § 12601 and would ultimately moot this litigation. Based on the foregoing, the GVI requests denial of the Plaintiff's Motion for Preliminary Injunction and dismissal of this action pursuant to FRCP 12(b)(1).

**STANDARD OF REVIEW**

**INJUNCTIVE RELIEF STANDARD**

In order to obtain a preliminary injunction, Plaintiff must demonstrate that: (1) he is likely to succeed on the merits of his claim; (2) he will suffer irreparable harm without preliminary relief; (3) the balance of equities favors an injunction; and (4) an injunction is in the public interest. *Veterans Guardian VA Claim Consulting LLC v. Platkin* , 133 F.4th 213, 218 (3d Cir. 2025).  The Third Circuit Court of Appeals has declared: "In general, to show irreparable harm a plaintiff must 'demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.'" *Acierno v. New Castle County* , 40 F.3d 645, 653 (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.* , 882 F.2d 797, 801 (3d Cir. 1989) ).

**FRCP 12(b)(1) MOTION TO DISMISS**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a court may dismiss a claim for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Such jurisdictional challenges take one of two forms: (1) parties may levy a "factual" attack, arguing that one or more of the pleading's factual allegations ,are untrue, removing the action from the court's jurisdictional ken; or (2) they may assert a "facial" challenge, which assumes the veracity of the

USA v. GVI, VIPD and Brooks
Case No. 2025—cv-00050
Opposition to Preliminary Injunction and 12(b)(1) Motion to Dismiss
Page 3 of 7

complaint's allegations but nonetheless argues that a claim is not within the court's jurisdiction. *Lincoln Benefit Life Co. v. AEI Life, LLC,* 800 F.3d 99, 105 (3d Cir. 2015) (quoting CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008)). In either instance, it is the plaintiff's burden to establish jurisdiction. See *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977).

The limited authority vested in federal courts to decide cases and controversies means that federal courts may no more pronounce on past actions that have no "continuing effect" in the world than they may neglect their obligation to hear and resolve questions properly before them. *FBI v. Fikre*, 601 U.S. 234 (2024) *citing Spencer* v. *Kemna*, 523 U. S. 1, 18,(1998). This does not imply that a defendant may "automatically moot a case" by the simple expedient of suspending its challenged conduct after it is sued. Instead, a defendant's "voluntary cessation of a challenged practice" will moot a case only if the defendant can show that the practice cannot "reasonably be expected to recur." *Friends of the Earth, Inc.* v. *Laidlaw Environmental Services (TOC), Inc.*, 528 U. S. 167, 189 . This standard holds for governmental defendants no less than for private ones..

I.      ACT NO. 9113 OBVIATES THE NEED FOR PRELIMINARY INJUNCTION AS PATTERNS AND PRACTICES ARE NULLIFIED BY NEW LAW.

With the passage of Act No. 9113, the Plaintiff cannot prevail on the merits of its claims which arise out of ongoing "patterns and practices" of the GVI.  The Plaintiff is not allowed to pretend that Act No. 9113 is not the law of the Virgin Islands which governs the issuance of gun licenses.   In particular, Act No. 9113 has removed the special need and reason requirements which gave unfettered discretion to the VI Police Commissioner to determine whether an applicant would qualify for a license to possess, carry or transport a firearm.  Act No. 9113, at §

USA v. GVI, VIPD and Brooks
Case No. 2025—cv-00050
Opposition to Preliminary Injunction and 12(b)(1) Motion to Dismiss
Page 4 of 7

453 sets forth objective criteria for those who wish to lawfully possess and transport firearms in the Virgin Islands. Additionally, § 454 sets forth objective criteria for gun license applicants before a license will be issued. In the event that a license is denied, Act No. 9113 at § 456 (d)(3) requires that the reasons for the denial be stated in writing and an appeals process as outlined in Act No. 9113 § 472, is available.

Act No. 9113 no longer has location restrictions such as for home protection or business protection. Under Act No. 9113 § 453(i), permits public carry by persons with licensed firearms with certain place restrictions highlighted in § 453(i). Act No. 9113 has removed arbitrary magazine limits. Under Act No. 9113 § 493 those who can possess large capacity magazines are clearly delineated. No discretion remains in the Commissioner.

Finally, Act No. 9113 has removed the home safe storage requirement which required home inspections. Under Act No. 9113 § 489a, penalties are now imposed on licensed gun owners who fail to safely store their firearm, when such failure directly, results in another person injuring or killing himself or someone else with said firearm. The inspection requirement which was to verify for safe gun storage has been eliminated. Act No. 9113 addresses all concerns raised in the Complaint and as such, there is no need for a Preliminary Injunction.

II.    PLAINTIFF IS UNLIKELY TO PREVAIL ON THE MERITS AND CANNOT ESTABLISH THE THREE REMAINING ELEMENTS NEEDED FOR A PRELIMINARY INJUNCTION.

Given the passage and automatic enactment of Act No. 9113, the threat of irreparable harm, no longer exists, and the patterns and practices complained of, will cease. Said patterns and practices existed only because it was permitted under the repealed law. Now that new law is promulgated there is no substantial harm to interested persons nor will public interest be served

USA v. GVI, VIPD and Brooks
Case No. 2025—cv-00050
Opposition to Preliminary Injunction and 12(b)(1) Motion to Dismiss
Page 5 of 7

with the entry of a preliminary injunction.  The public interest is served by allowing the Virgin

Islands to enforce its law which does not conflict with *Bruen* and its progeny.  Like the VI Police

Commissioner acted in accordance with former law, which has been repealed, it is expected that

the Virgin Islands Police Department will operate within the confines of and in full compliance

with Act No. 9113.  Accordingly, the GVI respectfully requests that the Motion and Renewed

Request for Preliminary Injunction (post enactment of Act No. 9113) be summarily denied.

III.    FRCP 12(b)(1) DISMISSAL OF THIS ACTION IS APPROPRIATE GIVEN
THE PASSAGE OF ACT NO. 9113.

Act No. 9113 reflects the law of the Virgin Islands as of June 24, 2026.   The Plaintiff

have been monitoring this matter very closely and the fact the gun licensing scheme has been

amended is publicly known. It is incredible that the Plaintiff, after implementation of Act No.

9113, still seeks injunctive relief for past patterns and practices.  More importantly, 34 U.S.C. §

12601(c) only permits equitable relief based on an ongoing pattern and practice.  At this

juncture, any review of the gun licensing process would require evidence that the VI Police

Department has failed and willfully refused to comply with Act No. 9113.  Conclusory

statements nor evidence of former practices are not sufficient to support injunctive relief.  With

the passage of Act No. 9113, the Plaintiff's entire Complaint should be dismissed as this matter

is now moot,

The Court is divested of jurisdiction of this matter with the passage of Act No. 9113.  The

laws challenged in the Complaint are no longer the laws of the Virgin Islands.  Under the

'general rule' of mootness, courts' subject matter jurisdiction ceases when 'an event occurs during

the course of the proceedings . . . 'that makes it impossible for the court to grant any effectual

USA v. GVI, VIPD and Brooks
Case No. 2025—cv-00050
Opposition to Preliminary Injunction and 12(b)(1) Motion to Dismiss
Page 6 of 7

relief whatever to a prevailing party.'" *Martinez v. N.Y.C. Police Dep't,* 2025 U.S. Dist. LEXIS

142929 *see also Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018) ("A case is deemed moot

where the problem sought to be remedied has ceased ...." (citation omitted)). "A moot action

therefore must be dismissed, even if the case was live at the outset ...." *Exxon Mobil Corp. v.

Healey*, 28 F.4th 383, 392 (2d Cir. 2022) (citation omitted). To show that a case is truly moot, a

defendant must prove "'no reasonable expectation'" remains that it will "return to [its] old

ways." *W. T. Grant Co.*, 345 U. S 629, 632-633 (1953). All future VIPD practices related to gun

license are governed by newly passed Act No. 9113, and it is not likely that the GVI in the future

will act contrary to provisions of Act No. 9113.  Dismissal of this matter is appropriate.

GORDON C. RHEA, ESQ.
ATTORNEY GENERAL

Dated: June 28, 2026,                    BY:    /s/ Ariel M. Smith
                                         ARIEL M. SMITH, ESQ.
                                         Chief, Civil Division
                                         V.I. DEPARTMENT OF JUSTICE
                                         34-38 Kronprindens Gade
                                         GERS Complex, 2nd floor
                                         St. Thomas, VI 00802
                                         Telephone: (340) 774-5666Email:
                                         ariel.smith@doj.vi.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2026, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the

following:

William Hanrahan, Esquire
Trial Attorney
Second Amendment Section
WilliamHanrahan@usdoj.gov

USA v. GVI, VIPD and Brooks
Case No. 2025—cv-00050
Opposition to Preliminary Injunction and 12(b)(1) Motion to Dismiss
Page 7 of 7


Angela Tyson-Floyd, Esq.
Assistant U.S. Attorney
Ron de Lugo Federal Building and Courthouse
5500 Veterans Dr., Suite 60
St. Thomas, VI   00802
Email: Angela.p.tyson-floyd@usdoj.gov


                              /s/ Ariel M. Smith