**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISON OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 3:2025-CV-00050 |
| | ) |
| v. | ) |
| | ) |
| THE GOVERNMENT OF THE VIRGIN ISLANDS, | ) |
| VIRGIN ISLANDS POLICE DEPARTMENT, AND | ) |
| MARIO BROOKS, in his official capacity as Police | ) |
| Commissioner of the Territory of the Virgin Islands, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**RESPONSE TO ORDER TO SHOW CAUSE [ECF NOS. 50 and 53]**

COME NOW, the Government of the Virgin Islands, Virgin Islands Police Department and Mario Brooks in his capacity as Virgin Islands Police Commissioner ("hereinafter GVI") and herein files its response to the Court's Order to Show Cause as to why Defendants should not be sanctioned for failure to file a timely response to USA's Motion for Preliminary Injunction pursuant to Rule 6(b) of Federal Rules of Civil Procedure [ECF No. 50]. In response to the Court's Order, undersigned counsel acknowledges that it failed to seek leave of Court for additional time to respond to the USA's Motion for Preliminary Injunction. Counsel also acknowledges that its late filing was a violation of the civil procedure rules and not any specific Order by this Court, nor was the USA's filing noted as emergent.

By way of pertinent background, the USA filed its Motion for Preliminary Injunction on June 10, 2026. On Friday, June 12, 2026, the Virgin Islands Legislature passed Bill No. 36-0144 (now Act No. 9113) by 13-2 vote. The undersigned provided the USA with a copy of the Bill on Monday, June 15, 2026. In significant part, USA Arrington in his response, prior to the mediation, to the passage of the new bill stated:

USA v. GVI, VIPD & Brooks
Case No. 2025-CV-00050
Response to Order to Show Cause
Page 2

…. were the pending bill to become law, it would create additional constitutional violations. I will not burden this response with a detailed listing of the bill's deficiencies, but those deficiencies include the bill's (1) ban on arms in common use; (2) its overreaching sensitive place regulations; (3) its prohibition on carrying long guns; and (4) it's requirement that firearms be kept in an inoperable state when not in use.  One wonders if the Attorney General has even read *Heller*, which invalidated an identical regulation.

A new law does not (indeed, in principle, cannot) remedy VIPD's lawlessness. Such lawlessness requires a judicial remedy.  USVI can continue to litigate, or it can negotiate in good faith.  One way or the other, the United States will not stop until that remedy is in place.  The United States will not withdraw its pending motion for injunctive relief even if the bill becomes law. It will merely add additional claims to that motion.  Frankly, I am personally eager to test those claims in the Third Circuit.[1]

This email generally reflects the tone of most of the USA's communications with the GVI, as they are condescending, belittling and unprofessional.  In full candor, undersigned is exhausted from the insults, innuendos, gamesmanship, and constant threats from the USA counsel.[2]  On June 16, 2026, the parties were involved in unsuccessful mediation. On June 24, 2026, Act No. 9113 became the law of the Virgin Islands.  With the passage of Act No. 9113, as an Assistant Attorney General, I am tasked with advising all parties of the GVI's decision to retain their right to self-governance with passage of its own gun licensing statute which is now in compliance with *Bruen* and its progeny which was the impetus of the untimely filed GVI opposition.

Additionally, undersigned had certain time constraints related to preparing time sensitive financial exposure documents for GVI's 2025 financial audits, drafting language related to GVI

---

[1] Excerpt from email dated June 15, 2026, from USA B. Arrington, in response to GVI's notice of the Legislature passing of Bill No. 36-0144.

[2] Most recently, last week, in my absence, my administrative assistant, inadvertently attached the wrong document to email that was to contain RFA.  USA Counsel acknowledged that the attachment was incorrect and still maintained that the deadline had passed and RFA would be deemed admitted.

USA v. GVI, VIPD & Brooks
Case No. 2025-CV-00050
Response to Order to Show Cause
Page 3

Civil Division statistics for 2026 GVIDOJ Budget testimony, in addition to general supervisory responsibilities as Civil Division Chief while also monitoring other assigned matters.

Finally, in reviewing the USA's Motion for Preliminary Injunction, undersigned notes that the USA did not request a temporary restraining order, nor did it advise the GVI of its intent to file for injunctive relief, prior to filing the motion.  Generally, FRCP 65(a)(1) requires notice from the Court to the adverse party and (2) contemplates, as necessary, a hearing on the motion.

Preliminary injunctive relief is not granted as a matter of right. *Velykis v. Adams* 2026 U.S. Dist. LEXIS 130575, *6 (2026) *citing Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982); *see also Miller v. Skumanick*, 605 F. Supp. 2d 634, 641 (M.D. Pa. 2009) ("An injunction is an 'extraordinary remedy' that is never awarded as of right") (citing *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24 (2008)). Rather, the decision to grant or deny such relief is committed to the discretion of the district court. *United States v. Price*, 688 F.2d 204, 210 (3d Cir. 1982).

The Third Circuit has acknowledged that a court may decide a motion for a preliminary injunction on the papers alone when the facts are not in dispute, or when the adverse party has waived its right to a hearing." *Liz v. Letizio* 2025 U.S. Dist. LEXIS 262690, *4-5 (2025) *citing Professional Plan Examiners, Inc., v. Lefante*, 750 F.2d 282, 288 (3d Cir. 1984); *see also Williams v. Curtiss-Wright Corp.*, 681 F.2d 161 (3d Cir. 1982) ("It has long been recognized that a preliminary injunction may issue on the basis of affidavits and other written evidence, without a hearing, if the evidence submitted by both sides does not leave unresolved any relevant factual issue."). *Liz v Letizio* at *5.  An untimely response should not amount to an automatic waiver especially in light of the recent change in Virgin Islands gun licensing law.

USA v. GVI, VIPD & Brooks
Case No. 2025-CV-00050
Response to Order to Show Cause
Page 4

Here, the exhibits attached by USA reflect concerns related to issues beyond the claims in the Complaint.  Injunctive relief sought by the USA should be limited to claims in the Complaint.  GVI current practices have changed and the passage of Act No. 9113 repeals the entire gun licensing scheme in the Virgin Islands which was the reason the USA filed this action.[3]   Here, the USA has always been fully appraised of legislative developments and was not prejudiced by the GVI's failure to file a timely response.  In fact, undersigned is puzzled by the USA's lack of candor with Court in filing renewed request for the preliminary injunction, on June 25, 2026, one day after Act No. 9113 was passed repealing GVI prior gun licensing statute. [ECF No.48].

Between June 12, 2026, the passage of Bill No. 36-0113, and June 24, 2026, the Governor's signing of Act No. 9113 into law, the undersigned was restrained from making any representations (in briefing) or agreements (in mediation) which may have potentially conflicted with or exceeded the parameters of the pending law.  The undersigned delay in filing a response to the Motion to Preliminary Injunction does not reflect disrespect toward the Court.  The restraint exercised was in deference to and balanced by the GVI efforts to address outstanding Second Amendment concerns and right of the Virgin Islands to effect laws which conform with the U.S. Constitution.

BASED on the foregoing, the undersigned respectfully requests that the Court not impose sanctions based on the undersigned's failure to file a timely response to the USA Motion for Preliminary Injunction.

---

[3] The USA's Motion for Preliminary Injunction raised additional issues related to public carry and magazine limits.

USA v. GVI, VIPD & Brooks
Case No. 2025-CV-00050
Response to Order to Show Cause
Page 5

**DATED: July 9, 2026**

**RESPECTFULLY SUBMITTED,**
**GORDON C. RHEA, ESQ.**
**ATTORNEY GENERAL**

**BY:** __/s/Ariel M. Smith__
**ARIEL M. SMITH, ESQ.**
Assistant Attorney General
Bar No. 532
V.I. Department of Justice
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, VI 00802
Phone: (340) 774-5666
E: ariel.smith@doj.vi.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2026, I have caused an exact copy of the foregoing to be served electronically through the e-filing system upon the following counsel and all other counsel of record:

Angela P. Tyson-Floyd
Assistant United States Attorney
Civil Chief & Financial Lit. Coordinator
1108 King Street, Suite 201
Christiansted, VI 00820
Email: angela.p.tyson-floyd@usdoj.gov

William Hanrahan  William.hanrahan@uddoj.gov

Barry K. Arrington barry.arrington@usdoj.gov

/s/ Ariel M. Smith_____