IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISON OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,                          )
                                                   )
                        Plaintiff,                 ) CASE NO. 3:2025-CV-00050
                                                   )
v.                                                 )
                                                   )
THE GOVERNMENT OF THE VIRGIN ISLANDS,              )
VIRGIN ISLANDS POLICE DEPARTMENT, AND              )
MARIO BROOKS, in his official capacity as Police   )
Commissioner of the Territory of the Virgin Islands, )
                                                   )
                        Defendants.                )
_____       )

## GVI'S MOTION TO WITHDRAW OR ALTERNATIVELY AMEND DEEMED ADMITTED REQUEST FOR ADMISSIONS

COME NOW the Government of the Virgin Islands, Virgin Islands Police Department, and Mario Brooks, in his official capacity (hereinafter "GVI") and in accordance with FRCP Rule 36(b) hereby request permission to withdraw its non-response to USA's Request for Admissions ("RFA"). GVI agrees that the RFAs were not timely responded to and are reflected as deemed admitted by the USA in its ECF No.54 filing. In clarity, the GVI requests that the conclusive effect of the RFAs be withdrawn or alternatively that the GVI be permitted to amend its responses to those emailed to the USA on Wednesday, July 8, 2026. The missed deadline was a result of human error and not a result of dilatory actions of the GVI. (See Exhibit A- Affidavit of Marica Hendricks). The undersigned counsel is concerned that the briefing due on July 22, 2026 [ECF No. 56] may result in a summary proceeding dispositive of the merits in this litigation. Accordingly, the GVI respectfully requests that unless the Court rules the "conclusive effect" of the USA RFA that the briefing in this matter be stayed, pending the court's ruling on the instant motion.

USA v. GVI, VIPD & Brooks
Case No. 3:2025-cv-00050
Motion to Withdraw or Amend USA RFAs
Page 2 of 7

**PERTINENT FACTS**

By way of pertinent background, on Thursday, July 2, 2026, my administrative assistant, based on my prior instructions forwarded an email to USA which was expected to include responses to the USA's RFAs propounded on June 2, 2026.  Ms. Hendricks, instead, inadvertently returned the originally served RFAs by email to the USA.  Prior to my departure, I had coordinated with and been working closely with VIPD counsel to finalize and coordinate the GVI's RFA responses during my absence.  To expedite this, prior to my departure, I authorized the use of my electronic signature, for service of the documents, to ensure the GVI's timely response. (See Email dated July 2, 2026, with attachment – Exhibit B)

Upon my return, after reviewing my emails, I received the USA's email wherein it stated that they had not received the responses to the RFAs. I requested my administrative assistant to review the email communications as I had anticipated filing a Notice of Service upon my return. After conferring with my administrative assistant on July 8, 2026, she clarified that she erroneously returned the original RFA requests and sought to correct this error by emailing the completed responses to USA counsel. I thereafter reached out to the USA, to confer and to advise of the error and oversight.  However, the USA maintained that the RFAs would be construed as deemed admitted. See Email dated July 8, 2026)

**A.  THE GVI SEEKS WITHDRAWAL OR ALTERNATIVELY PERMISSION TO AMEND THE USA RFA RESPONSES.**

Generally, matters are deemed admitted due to a party's failure to timely respond to requests for admission and which are often used to support a summary judgment motion.  *Sec'y United States Dep't of Labor v Kwasny* 853 F.3d 87, 91 (3d. Cir 2017). An admission is an

"unassailable statement of fact and is binding upon the non-responsive party unless withdrawn or amended. *Id.* Admittedly, the GVI did not provide the USA with timely responses to propounded RFAs. Additionally, the USA has already referred to the "admitted" RFAs in support their Renewed Request for Preliminary Injunction, notwithstanding the passage of Act No. 9113.

The GVI uniquely finds itself at a crossroads as the Court has essentially ordered a briefing on Act No. 9113 and its effect on the USA's pending complaint. [ECF No. 56] This Court's ruling on the GVI 12(b)(1) briefing, after oral argument, may be dispositive of this matter.  Accordingly, it is critical that Court determine the "conclusive effect" of the GVI's untimely RFAs response, prior to the GVI's briefing.

FRCP Rule 36(b) also allows the Court to exercise its discretion when a motion is filed requesting that RFAs be either withdrawn or amended. The Court may permit a withdrawal or amendment if (1) it promotes the presentation of the merits of action and if (2) the court is not persuaded that it would prejudice the requesting party in maintaining or defending the merits of this action. *Gwynn v. City of Philadelphia* 719 F.3d 295,298 (3d. Cir. 2013).  Here, the unanswered RFAs, which were inadvertently and erroneously returned to the USA would conclusively establish critical facts by a default under discovery rules, rather than allowing the pending claims to be reviewed on their merits.  Withdrawal or amendment of the RFAs should be allowed when **not** doing so would result in a determination that fails to consider the merits of the action. *Am. Bridge Co. V. VI. Port Auth*. 2008 U.S. District LEXIS 97910 * 3 (D.V.I. 2008). (Emphasis added.)

## B.  THE USA RFAS UNDULY PREJUDICE THE GVI IN ITS DEFENSE OF THIS ACTION.

USA v. GVI, VIPD & Brooks
Case No. 3:2025-cv-00050
Motion to Withdraw or Amend USA RFAs
Page 4 of 7

On July 9, 2026, the Court directed the GVI, by no later than July 22, 2026, to file a brief addressing whether enactment of the "2026 Second Amendment Rights and Public Safety Act", renders the United States' complaint moot and ripe for dismissal pursuant to Fed. R. Civ. P R 12(b)(1). [ECF No. 56].   Based on this Order, the Court's consideration of seminal issues will expedited and the current RFAs, if not withdrawn or amended, will result in conflicting responses in the GVI's Answer [ECF No. 2] and USA's RFA admissions on disputed facts.

First, RFAs Nos.1, and 14[1], cites to statutory provisions which, on July 2, 2026[2] had been repealed by Act No. 9113.  As such, admitted responses would be misleading as those provisions of law have been repealed. Additionally, questions related to "Proper Reason Requirement" are obsolete as 23 VIC § 454 (3) was repleted by Act No. 9113.  Unless the Court considers the GVI's request to withdraw or amend its RFA untimely response, an inherent conflict exists between responses in GVI's Answer to the Complaint filed on February 6, 2026 and RFA facts "deemed admitted" on July 2, 2026.  RFA Nos. 3 & 4 contradict the GVI's previous denial of storage of firearm requirements [ECF No. 12, p.3, ¶ 25] RFA No. 5 contradicts the GVI's previous denial of ongoing home inspections [ECF No.12, p.4 ¶ 28] RFA Nos. 6-10 contradict the GVI's previous denial of the ongoing proper reason requirement. [ECF No.12, p.3 ¶ 23] RFA No.11 contradicts the GVI's previous denial of untimely applications [ECF No. 12, p.5 ¶ 47] RFA No. 12, if deemed admitted, creates a present sense impression that VIPD will not comply Act No. 9113. RFA No. 13 contracts the GVI's denial of ongoing "good moral character requirement. [ECF No. 12 p. 3 ¶ 20]. RFA No. 15, if deemed admitted, negates the existence of

---

[1] RFA 1 refers to 23 V.I.C. § 454(3) and RFA 14 refers to 23 VIC § 457(a)(5) which both repealed prior to admission.
[2] The discovery requests were propounded on July 2, and Act No. 9113 was signed into law on June 24, 2025.

Act No. 9113. RFA Nos. 16-26 are ripe for relevancy objections are they are vague, conclusory and not the subject or related to any of the claims raised in the USA's complaint.  If not amended or withdrawn, the USA will be able to use the admissions as fact regardless of the passage of Act No. 9113 or actual current practices of the VIPD.

The USA should have expected that the GVI would have denied or objected to the above admissions. When the Court considers the "patterns and practices" claim which most be supported by fact, RFAs which are later in time, without considering previously denied in the GVI's Answer, prejudices the GVI's ability to defend on the merits. Undoubtedly the GVI will be prejudiced, if the admissions are not withdrawn or amended.

## C.  THERE IS LITTLE TO NO PREJUDICE TO THE USA, IF RFAS ARE WITHDRAWN OR IF AMENDMENT IS PERMITTED.

The Court has great discretion, in deciding to permit admissions to be withdrawn or amended. *Fadool v. V.I. Port Auth* 351 F.R.D. 1 (V.I.D. 2026).  On July 8, 2026, essentially three business days later, the GVI attempted to provide the USA with the actual Responses to the RFAs, which were to be erroneously sent on July 2, 2026.  The delay was brief. Fact discovery in this matter does not conclude until February 1, 2027.

In opposing withdrawal or amendment, a party must show that it will be prejudiced. *Am. Bridge Co. citing Raiser v. Utah County* 409 F. 3d 1243, 1246 (10th Cir. 2005). Mere inconvenience is not sufficient. *Raiser at 1246.* A party that relied on the admission to prepare for trial may be prejudiced by the unavailability of key witnesses or the sudden need to obtain evidence. *Id.* When a party relies on an admission throughout discovery and after dispositive motion cut-off dates, without any indication that there may be a recantation of the admission, a

USA v. GVI, VIPD & Brooks
Case No. 3:2025-cv-00050
Motion to Withdraw or Amend USA RFAs
Page 6 of 7

party also may suffer prejudice. *Id.* None of these concerns are applicable and the USA will suffer little to no prejudice.

The Government posits that although this matter has been pending from December 2025, it is still in the early stages and with the passage of Act No. 9113, it has now become ripe for a final ruling[3]. Notwithstanding, the timing of the USA's propounding of its discovery requests, this matter is still in its early stages.

The parties have been directed to file briefs related to whether pending USA lawsuit is mooted by the passage of Act No. 9113. Importantly, the resolution of this question may be dispositive. To the extent that the matter is not mooted, the USA still has other discovery mechanisms which can be utilized in discovery as this matter continues.

Based on the foregoing, the GVI respectfully requests that the Court grant its Motion and permit the Withdrawal or Amendment of the USA RFA's.

**DATED: July 16, 2026**

**RESPECTFULLY SUBMITTED,**
**GORDON C. RHEA, ESQ.**
**ATTORNEY GENERAL**

**BY:**    **/s/Ariel M. Smith**
**ARIEL M. SMITH, ESQ.**
Assistant Attorney General
Bar No. 532
V.I. Department of Justice
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, VI 00802
Phone: (340) 774-5666
E: ariel.smith@doj.vi.gov

---

[3] On April 7, 2026, the Court ordered the parties to mediate. Mediation between the parties was held with Magistrate Miller, one month ago, on June 16, 2026. The parties also participated in the first Scheduling Conference on May 15, 2026.

USA v. GVI, VIPD & Brooks
Case No. 3:2025-cv-00050
Motion to Withdraw or Amend USA RFAs
Page 7 of 7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 16, 2026, I have caused an exact copy of the foregoing to be served electronically through the e-filing system upon the following counsel and all other counsel of record:

Angela P. Tyson-Floyd
Assistant United States Attorney
Civil Chief & Financial Lit. Coordinator
1108 King Street, Suite 201
Christiansted, VI 00820
Email: angela.p.tyson-floyd@usdoj.gov

William Hanrahan  William.hanrahan@uddoj.gov

Barry K. Arrington barry.arrington@usdoj.gov


/s/ Ariel M. Smith_____