IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
ST. THOMAS AND ST. JOHN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:25-cv-00050 |
| | ) | |
| v. | ) | |
| | ) | |
| THE GOVERNMENT OF THE VIRGIN ISLANDS, THE VIRGIN ISLANDS POLICE DEPARTMENT, and MARIO BROOKS, in his official capacity as Police Commissioner of the territory of the Virgin Islands, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

THIS MATTER comes before the Court on Defendants' "Emergency MOTION to Stay Briefing . . . pending ruling on Motion to Withdraw or Amend RFA," along with a correction, [ECF Nos. 58 & 59], as well as a notice of filing of Draft Order and Exhibit A and Commissioner's Declaration by Mario Brooks [ECF No. 60], followed by Plaintiff's response in opposition [ECF No. 62].

Plaintiff served its First Set of Requests for Admissions, Requests for Production, and Interrogatories on Defendants on June 2, 2026. Responses were due on July 2, 2026. It is undisputed that Defendants did not attempt to serve actual responses until July 8, 2026—six days late.

Fed. R. Civ. P. 36(a)(3) makes it abundantly clear that requests for admission are automatically deemed admitted if the party to whom the request is directed fails to serve a timely response. In some circumstances, the Court may permit withdrawal of these admissions if: (1)

doing so "would promote the presentation of the merits of the action"; and (2) "the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).  The Court may also consider other factors, such as "whether the moving party can show good cause for the delay" and "whether the moving party appears to have a strong case on the merits." *Gwynn v. City of Philadelphia*, 719 F.3d 295, 298 (3d Cir. 2013).

Based on the Record before it, the Court finds no good cause for Defendants' delay. Indeed, regarding this inexcusable lapse, the Court notes with disappointment Defense counsel's glaring lack of attention to basic litigation procedures.  As the Court observed during the July 8, 2026, status conference, this controversy does not merely involve individual litigants; it implicates the fundamental constitutional rights of the people of the Virgin Islands.  Accordingly, Defense counsel—appearing as a representative of this territory's citizens—must treat this matter with the competence, care, and professionalism expected of all litigants appearing before this Court.

Furthermore, the Court remains unpersuaded that allowing the withdrawal of these admissions would promote the presentation of the merits of this action, and it is concerned by the delay in the case's progression more generally.

Nevertheless, the Court acknowledges that the recently passed legislation, titled the "2026 Second Amendment Rights and Public Safety Act," potentially alters the legal landscape the parties must navigate. As such, the Court will permit Defendants to reserve the argument that these admissions are no longer applicable in light of the newly enacted statute.

Accordingly, it is hereby **ORDERED** that the Government of the Virgin Islands' ("Defendant") motion to stay the briefing schedule is **DENIED**.

It is further **ORDERED** that Defendant's motion to withdraw or amend the Requests for Admission is **DENIED** without prejudice.  However, Defendant may reserve the argument that the admissions are inapplicable in light of recent statutory changes in the Virgin Islands.

DATED: July 18, 2026

 s/ Evan Rikhye
EVAN RIKHYE
United States District Judge