**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

UNITED STATES OF AMERICA,

                Plaintiff,

                v.

THE GOVERNMENT OF THE VIRGIN
ISLANDS, THE VIRGIN ISLANDS
POLICE DEPARTMENT, AND MARIO
BROOKS, in his official capacity as Police
Commissioner of the territory of the Virgin
Islands,

                Defendants.

Case No. 3:2025-CV-50

---

**SECOND MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff requests the Court to enter a preliminary injunction against Defendants on the grounds set forth below. Plaintiff requests hearing of this Motion during the already scheduled August 19 hearing in this case.

**I.**      **USVI's Arms Ban Is Glaringly Unconstitutional in Light of *ANJRPC.***

Last week, in *Association of New Jersey Rifle & Pistol Clubs, Inc. v. Attorney General New Jersey*, 2026 WL 2075513 (3d Cir. July 17, 2026) (en banc) (*ANJRPC*)[1], the court held: (1) A ban on semi-automatic rifles, including AR-15-style rifles, is unconstitutional; and (2) A ban on so-called large capacity magazines (LCM) is unconstitutional. *Id.* at *14, *21. On June

---

[1] *ANJRPC* was formally known as "*Cheeseman*." The Court may recall that at the July 8 status conference, undersigned counsel advised the Court that the United States would be filing for additional injunctive relief if, under *Cheeseman*, provisions of Act 9113 are clearly unconstitutional. That is the case; hence, this motion.

24, 2026, U.S. Virgin Islands (USVI) Governor, Albert Bryan Jr., signed into law Act 9113 (Act 9113).  Act 9113 contains two provisions that are glaringly unconstitutional in light of *ANJRPC*. Virgin Islands Police Department's (VIPD) ongoing enforcement of Act 9113 must be enjoined immediately to avoid the Act's unconstitutional impacts.[2]

Act 9113 bans possession, receipt, purchase, sale, import, or transfer of magazines that can hold more than 15 rounds.  23 V.I.C. §§ 451(q), 493(a).  Nothing more need be said.  *ANJRPC* squarely holds that this is unconstitutional.  *See id.* at *25.  Secondly, "AR-15s and similar sports rifles in circulation . . . typically come standard with twenty- or thirty-round magazines."  *Id*. at *24.  Under Act 9113, no firearm in the USVI may contain a magazine of 15 rounds or greater. 23 VIC § 493(a).  Accordingly, the USVI bans standard-capacity AR-15 rifles.  Moreover, owners of firearms that were "manufactured to hold" more than fifteen-rounds cannot sell or transfer their firearm.  23 V.I.C. § 452(e).  The restriction on the private purchase, sale, or other transfer of constitutionally protected arms is itself unconstitutional.  "Common sense dictates that the right to bear arms requires a right to acquire arms, just as the right to free press necessarily includes the right to acquire a printing press, or the right to freely practice religion necessarily rests on a right to acquire a sacred text."  *Ortega v. Grisham*, 148 F.4th 1134, 1143 (10th Cir. 2025).

---

[2] Act 9113 is unconstitutional in several respects, and Plaintiff will address those other unconstitutional provisions in due course.  *ANJRPC* gives the provisions addressed in this motion a special urgency.

## II.    The United States Is Authorized to Seek Injunctive Relief.

The VIPD enforces the glaringly unconstitutional provisions of Act 9113.[3]  Where, as here, law enforcement implements its official policies in a manner that deprives individuals of federally protected rights, Section 12601

> . . . *imposes liability on a governmental authority whose own official policy causes* it to engage in 'a pattern or practice of conduct by law enforcement officers' that deprives persons of federally protected rights . . ..  In short, Maricopa County is liable for violations of . . . § 12601 stemming from its own official policies.

*United States v. Cnty. of Maricopa,* 889 F.3d 648, 653 (9th Cir. 2018) (emphasis added).  The difference between the "official policy" at issue in *Maricopa County* and the law at issue here is of no consequence.  As common sense indicates, there is "no question" that a duly enacted law reflects the "official policy" of the governmental authority that enacted it.  *Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1279 (10th Cir. 2009).  VIPD's implementation of Act 9113 is only the latest chapter in a years-long pattern or practice of law enforcement misconduct in which the VIPD has deprived the people the USVI of their Second Amendment rights.  Accordingly, Section 12601[4] authorizes the United States to obtain injunctive relief against such law enforcement misconduct.

## III.    Preliminary Injunctive Relief is Appropriate.

To obtain a preliminary injunction, the moving party must demonstrate: (1) that it is reasonably likely to prevail eventually in the litigation and (2) that it is likely to suffer irreparable injury without relief.  *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 319 (3d Cir. 2020).  If the moving party makes these two threshold showings, the court then considers, to the extent

---

[3] *See* Defs.' Opp. to Mot. Prelim. Inj. 2 (ECF 49), stating "it is expected that the Virgin Islands Police Department will operate within the confines of and in full compliance with Act No. 9113."
[4] 34 U.S.C. § 12601.

relevant: (3) whether an injunction would harm the defendants more than denying relief would harm the plaintiff and (4) whether granting relief would serve the public interest. *Id*. at 319-20. When, as here, the government is the defendant, the balancing of harms and public interest factors merge. *Id*. at 332 (quoting *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

Plaintiff is certain to prevail on the merits regarding USVI's arms ban as explained above. Plaintiff and the citizens of the Virgin Islands will also unquestionably suffer irreparable injury without relief. Act 9113 "grandfathers" firearms that were owned when it was passed. But it does not grandfather the magazines. 23 VIC § 452(e). Therefore, anyone who currently owns a banned magazine is faced with the Hobsons' choice of destroying his constitutionally protected arm or keeping it and risking arrest and incarceration.

This constitutes irreparable injury. In *Siegel v. Platkin,* 653 F. Supp. 3d 136, 161 (D.N.J. 2023), the court stated that, ". . . the threat of prosecution for engaging in constitutionally protected conduct certainly is [irreparable injury]"). *See also Rigby v. Jennings*, 630 F. Supp. 3d 602, 618–19 (D. Del. 2022) (holding that "plaintiffs face irreparable harm because they are threatened by criminal penalties should they engage in conduct protected by the Second Amendment"). The constitutional violations at issue in this case are plainly distinguishable from those at issue in *Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland Sec.*, 108 F.4th 194 (3d Cir. 2024), where the court held the plaintiffs had failed to demonstrate irreparable harm because they had not shown they currently had reason to fear adverse consequences from the challenged statute. *Id*. at 204-05. Act 9113 unquestionable does apply to everyone who owns an LCM, and the VIPD has pledged to enforce the law. On June 12, 2026, the Virgin Islands legislature held a session to consider the bill that would become Act 9113.[5]

---

[5] A video recording of the session is available at https://www.youtube.com/live/FEHh-9ExKsU.

Sean Santos, Sr., Assistant Police Commissioner of the VIPD testified regarding the bill. Mr. Santos testified that "the Virgin Islands Police Department wholeheartedly agrees" with the provisions of Act 9113 and intends to use the provisions of the law as "guidelines" for their enforcement efforts. *See* video beginning at 2:56.

With respect to the merged harm/public interest factors, the balance is clear. "As a practical matter, if a plaintiff demonstrates both a likelihood of success on the merits and irreparable injury, it almost always will be the case that the public interest will favor the plaintiff." *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 n.9 (3d Cir. 1994). This case is no exception as, "the public interest is on the side of protecting constitutional rights." *See Miller v. Skumanick*, 605 F. Supp. 2d 634, 647 (M.D. Pa. 2009), *aff'd sub nom. Miller v. Mitchell*, 598 F.3d 139 (3d Cir. 2010). *See also Council of Alternative Pol. Parties v. Hooks*, 121 F.3d 876, 883–84 (3d Cir. 1997). Thus, an injunction is required to protect against ongoing harm from VIPD's violation of individuals' constitutional rights and public interest favors protecting constitutional rights over imposition of USVI's unconstitutional Act 9113.

## IV.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court issue a preliminary injunction prohibiting Defendants from: (1) enforcing any prohibition on possession, receipt, purchase, sale, import, or transfer of magazines that hold 30 or fewer rounds; and (2) enforcing any ban on selling or transferring a firearm merely because it was manufactured to hold more than 15 rounds.

DATED: July 22, 2026

ADAM SLEEPER
United States Attorney

ANGELA P. TYSON-FLOYD
Assistant United States Attorney

1108 King Street, Suite 201
Christiansted, VI 00820
340-773-3920
angela.p.tyson-floyd@usdoj.gov

Respectfully submitted:

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS OSETE
Principal Deputy Assistant Attorney General

R. JONAS GEISSLER
Deputy Assistant Attorney General


*/s/ Barry K. Arrington*
_____

BARRY K. ARRINGTON
Acting Chief
Second Amendment Section

GREGORY DOLIN
Senior Counsel

WILLIAM J. HANRAHAN
ANDREW COFFARELLI
Trial Attorneys
Second Amendment Section

*Attorneys for Plaintiff*
UNITED STATES OF AMERICA