**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISON OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) **CASE NO. 3:2025-CV-00050** |
| | ) |
| **v.** | ) |
| | ) |
| **THE GOVERNMENT OF THE VIRGIN ISLANDS,** | ) |
| **VIRGIN ISLANDS POLICE DEPARTMENT, AND** | ) |
| **MARIO BROOKS, in his official capacity as Police** | ) |
| **Commissioner of the Territory of the Virgin Islands,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**GVI's MOTION TO STRIKE [ECF NO. 64]**

COME NOW, the Government of the Virgin Islands, Virgin Islands Police Department and VIPD Commissioner Mario Brooks, in his official capacity (hereinafter "GVI") and pursuant to FRCP 12(f) move to strike the USA's Second Motion for Preliminary Injunction. The GVI respectfully requests that the USA's Second Motion for Preliminary Injunction be struck as it is immaterial and irrelevant to the issues raised in the USA's pending three-count Complaint. (See ECF No. 1.] In sum, the USA seeks to have the Court enjoin the VIPD from enforcing provisions of Act No. 9113, which ironically was not the law of the Virgin Islands at the time this action was filed. More importantly, none of the issues raised in the USA's motion are the subject of a duly filed Amended Complaint.

In order to succeed on a motion to strike, the moving party must show that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that the moving party is prejudiced by the presence of the allegations in the pleading." *Great W. Life Assur. Co v. Levithan* ., 834 F. Supp. 858, 864 (E.D. Pa. 1993). Importantly, Act No. 9113, which is challenged here, is totally unrelated to any of the counts or

USA v. GVI, VIPD & Brooks
Case No. 3:2025-cv-00050
GVI's Motion to Strike [ECF No. 64]
Page 2

claims raised in the USA's pending complaint.  On July 9, 2026, the Court has held in abeyance, its grant of the USA's oral motion to amend its complaint. [ECF No. 56].  Here, the USA by filing its Second Motion of Preliminary Injunction attempts to speciously inject claims unrelated to its Complaint. The law prohibits the USA from using new assertions of misconduct to support a preliminary injunction entirely unrelated to the conduct asserted in the underlying Complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).

The USA's attempt to interpose and append additional claims, which extend and exceed the scope of its Complaint are improper.  This pleading will only serve to impermissibly conflate the issues before the Court and unfairly prejudice the GVI in these proceedings.  Based on the foregoing, the GVI respectfully requests that USA's Second Motion for Preliminary Injunction be denied and the [ECF 64] and all related filings be stricken, in their entirety, from the Court's docket.

**DATED: July 22, 2026**

**RESPECTFULLY SUBMITTED,**
**GORDON C. RHEA, ESQ.**
**ATTORNEY GENERAL**

**BY:**    **/s/Ariel M. Smith**
**ARIEL M. SMITH, ESQ.**
Assistant Attorney General
Bar No. 532
V.I. Department of Justice
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, VI 00802
Phone: (340) 774-5666
E: ariel.smith@doj.vi.gov

USA v. GVI, VIPD & Brooks
Case No. 3:2025-cv-00050
GVI's Motion to Strike [ECF No. 64]
Page 3

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2026, I have caused an exact copy of the foregoing to be served electronically through the e-filing system upon the following counsel and all other counsel of record:

Angela P. Tyson-Floyd
Assistant United States Attorney
Civil Chief & Financial Lit. Coordinator
1108 King Street, Suite 201
Christiansted, VI 00820
Email: angela.p.tyson-floyd@usdoj.gov

William Hanrahan  William.hanrahan@uddoj.gov

Barry K. Arrington barry.arrington@usdoj.gov


/s/ Ariel M. Smith_____