**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) CASE NO. 3:2025-CV-00050 |
| | ) |
| **v.** | ) |
| | ) |
| **THE GOVERNMENT OF THE VIRGIN ISLANDS,** | ) |
| **VIRGIN ISLANDS POLICE DEPARTMENT, AND** | ) |
| **MARIO BROOKS, in his official capacity as Police** | ) |
| **Commissioner of the Territory of the Virgin Islands,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**GVI'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)**

COME NOW, the Government of the Virgin Islands, Virgin Islands Police Department, and Mario Brooks in his capacity as Virgin Islands Police Commissioner ("hereinafter collectively GVI") and in compliance with this Court's Order of July 9, 2026 (ECF No. 56) files this FRCP 12(b)(1) motion. In its Order, the Court directed the Government to file a motion addressing whether the enactment of the '2026 Second Amendment Rights and Public Safety Act', Act No. 9113, brings the Territory's firearms laws into conformity with recent Supreme Court decisions, and if so, whether the United States Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). The GVI states that the USA's Complaint has been mooted by the passage of Act No. 9113 and that there is no likelihood that challenged conduct will ever recur. Act No. 9113 brings the Territory's firearms licensing laws into conformity with recent Supreme Court decisions in every respect that the Complaint places in issue and the Complaint should therefore be dismissed with prejudice.

The Court also permitted the USA to file an Amended Complaint after briefing and oral arguments on this FRCP 12(b)(1) filings. [ECF No. 56, p.2]. Out of an abundance of caution, the

USA v. GVI, VIPD & Brooks
Case No. 2025-cv-00050
GVI Motion to Dismiss FRCP R 12(b)(1)
Page 2 of 12

GVI reserves its right to oppose the filing of an Amended Complaint, in the event that the USA's

Complaint [ECF No. 1] is determined to be mooted by Act No. 9113.

**PERTINENT FACTS**

The United States, in its three-count Complaint, seeks declaratory and equitable relief

under 34 U.S.C. § 12601(b) to challenge actions previously taken by VIPD as preconditions to

obtaining a firearms license. In Count I, the USA challenged the VIPD's conditioning the grant

of a gun license on the search of private dwellings to verify the installation of a safe and the

burdens of the cost to purchase and install a safe. In Count II, the USA challenged the

unreasonable delays in processing firearms licenses, the VIPD's failure to provide applicants

timely notice of the status of firearms applications and the reasons for delays as well as

unreasonable delays in annual gun inspections. Finally, in Count III, the USA challenged former

23 V.I.C. § 454(3)[1] which conditioned an applicant's license for a firearm upon the showing of a

"proper reason".

By way of recent legislative background, the Virgin Islands Legislature, on June 12,

2026, passed Act No. 9113 also known as the 2026 Second Amendment Rights and Public

Safety Act. (See Exhibit "A") Notably, Act No. 9113 did more than simply repeal prior existing

law. In its preamble, Act No. 9113 explicitly recognized the importance and significance of the

Second Amendment of the U.S. Constitution as well as the Supreme Court precedents of *N.Y.

State Rifle & Pistol Ass'n v. Brue*n and *District of Columbia v. Heller.* The Virgin Islands

Legislature acknowledged that the Virgin Islands Code had to be amended to be consistent with

---

[1] This section was repealed on June 24, 2026, by Act No. 9113.

USA v. GVI, VIPD & Brooks
Case No. 2025-cv-00050
GVI Motion to Dismiss FRCP R 12(b)(1)
Page 3 of 12

the historical tradition related to firearm regulation[2]. The Governor of the Virgin Islands, on June 24, 2026, signed Act No. 9113, making it the law of the Virgin Islands.

Act No. 9113, not only repealed the prior firearm licensing regime, but it reenacted most of the provisions of the firearms licensing chapter from the prior discretionary authority model to a mandatory-issuance structure, not previously contemplated under the former Chapter. Now, the Commissioner "shall issue" a license to any applicant meeting eleven enumerated, objective criteria set forth at 23 V.I.C. § 454(a). Firearm licenses are now processed on a strict 30-day decision clock with denial grounds confined to the § 454 list and § 456(c), and (d). Safe storage is addressed by an application certification (§ 455(a)(8)) and a generally applicable post-issuance duty (§ 489a) and not by any inspection or purchase precondition and § 489a(e) confirms the safe-storage section and authorizes no search or inspection, except as permitted under the Fourth Amendment.

As early as in Spring 2024, the VIPD issued an internal "Legal Bulletin" announcing the 2022 *Bruen* decision and advising all law enforcement personnel that exercising 23 V.I.C. § 454(3) subjective discretion or enforcing the "proper reason" requirement was unconstitutional. (See Exhibit B p. 1-2). More recently, with the passage of Act No. 9113, the VIPD revised its Information Packet regarding policies for the Reporting of Lost Firearms and Safe Storage of Firearms based on the strictures of Act No. 9113. (Exhibit C). The VIPD has also updated its general information sheets, new license and renewal applications and firearms registration applications, all in compliance with Act No. 9113. (See Exhibit D). The

---

[2] See Act No. 9113, Section 2 – Legislative Findings and Purpose, provisions a, b, c & f.

USA v. GVI, VIPD & Brooks
Case No. 2025-cv-00050
GVI Motion to Dismiss FRCP R 12(b)(1)
Page 4 of 12

## JURISDICTION AND RULE 12(b)(1) STANDARD

The District Court is an Article IV territorial court, but its exercise of "the jurisdiction of a District Court of the United States" under 48 U.S.C. § 1612(a) is "subject to the limitations of Article III," including the justiciability prerequisites. *Russell v. DeJongh*, 491 F.3d 130, 133 & n.3 (3d Cir. 2007); *see also KH v. V.I. Water & Power Auth.*, 2026 U.S. App. LEXIS 16781, n.6 (3d Cir. June 8, 2026) (not precedential). Mootness therefore operates as a jurisdictional prerequisite here — meaning dismissal on mootness is mandatory, not a matter of discretion, where no live controversy remains. This is especially true where, as here, a plaintiff seeks solely prospective declaratory and equitable relief that has been entirely subsumed by intervening legislative repeal.

Federal district courts are courts of limited subject matter jurisdiction possessing only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). A party may challenge whether the court has subject matter jurisdiction, or a court may independently determine that it lacks subject matter jurisdiction, at any time, under Federal Rule of Civil Procedure 12(b)(1) or 12(h)(3), respectively. *Arbaugh v. Y&H Corp., 546 U.S. 500, 506* (2006) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Id. (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)). The standard of review for Rule 12(b)(1) motions depends on whether the challenge is facial or factual. As the Third Circuit explained in *Lincoln Ben. Life Co., LLC v. AEI Life, LLC*:

> Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual. A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites.
>
> In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. By contrast, in reviewing a factual attack, the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence. If there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction.

800 F.3d 99, 105 (3d Cir. 2015) (internal quotation marks and footnotes omitted).

## I. ACT NO. 9113 SETS FORTH OBJECTIVE "SHALL ISSUE" CRITERIA FOR FIREARMS LICENSE APPLICANTS, RENDERING COUNT III MOOT.

In Count III, the USA challenges the firearm licensing "proper reason" requirement set forth in 23 V.I.C. § 454(3)[3]. Here, the seminal question before the Court is whether "proper reason" requirement which has now been explicitly repealed, has been mooted by the provisions of Act No. 9113. A review of Act No. 9113 reveals that the former "proper reason" requirement was completely replaced with eleven objective criteria for all firearm license applicants. (See Exhibit A p.10-11, § 454). The passage of Act No. 9113 removed the former § 454(3) discretionary may-issue standard and replaced it with § 454 which cites an objective shall-issue standard.

Legislative amendments to challenged statutes, while a suit is pending, permit the Court to decide whether the amendment permits dismissal of the underlying action. In *New York State*

---

[3] Title 23 V.I.C. § 454 (3) was repealed in its entirety and replaced with Act No. 9113, 23 V.I.C. § 45.

USA v. GVI, VIPD & Brooks
Case No. 2025-cv-00050
GVI Motion to Dismiss FRCP R 12(b)(1)
Page 6 of 12

*Rifle & Pistol Ass'n v. City of New York*, 590 U.S. 336 (2020) (per curiam), the Supreme Court held that a Second Amendment challenge was mooted after the challenged law was amended to give the plaintiffs "the precise relief" sought. *Id.* at 336. The Third Circuit has similarly determined that a legislative amendment or repeal make claims susceptible to mootness dismissals. *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186 (3d Cir. 2001); *Black United Fund of N.J. Inc. v. Kean*, 763F.2d 156, 160 (3d Cir. 1985). Legislative-change mootness is grounded in the change of law principle tracing back to *United States v. Schooner Peggy*, 5 U.S. (1 Cranch) 103, 110 (1801), as they are beyond a "voluntary cessation".

In 2001, the Third Circuit, in *Khodara Envtl* considered whether amendments to a challenged statute, while the matter was on appeal, rendered the matter moot by obviating the "case and controversary" jurisdictional predicate. 237 F.3d at 192-9. *Id.* The Court recognized that the case or controversy requirement exists through all stages of federal judicial proceedings, trial and appellate. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

In evaluating mootness, the Court first must determine, whether in light of legislative action,  there is "a real and substantial controversy admitting of specific relief through a decree of conclusive character." *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1496 (3d Cir. 1996) (quoting *National Iranian Oil Co. v. Mapco Int'l, Inc.*, 983 F.2d 485, 489 (3d Cir. 1992)).  In reviewing the USA Complaint, the Court must review its claims, consider the law, as it now exists, not as it stood when the Complaint was filed. Where a law is amended so as to remove its challenged features, the claim . . . becomes moot as to those features." *Naturist Soc'y v. Fillyaw*, 958 F.2d 1515, 1520 (11th Cir. 1992).

USA v. GVI, VIPD & Brooks
Case No. 2025-cv-00050
GVI Motion to Dismiss FRCP R 12(b)(1)
Page 7 of 12

Similarly, in *Black United Fund of New Jersey*, the Third Circuit evaluated an appeal where a mandatory charitable payroll deduction statute was repealed and replaced by a statute permitting voluntary payroll deductions. *Black United Fund of New Jersey v. Kean* 763 F.2d 156 (3d. Cir. 1985). The Court held that it was inappropriate to adjudicate alleged deficiencies in the old Act, *id.* at 160 and determined that the new legislation had resolved the constitutional questions affording the Plaintiff substantially the relief it sought. *Id.*

Because Act No. 9113 fully aligns the Virgin Islands Code with *Bruen* decision by adopting an objective shall issue standard, the new legislation gives the Plaintiff the precise relief sought, mooting Count III.  Furthermore, as evidenced by VIPD's Spring 2024 Bulletin, the VIPD recognized the unconstitutionality of the proper reason requirement and proactively ceased its enforcement well before the United filed its Complaint and before Act No. 9113 codified the changed. Therefore, there is no real or substantial controversy admitting of specific equitable relief and Count III must be dismissed.

## II. ACT NO. 9113 ELIMINATES HOME INSPECTIONS AND STRICT TIMELINES FOR VIPD PROCESSING OF FIREARMS LICENSE APPLICATIONS MOOTING COUNTS I AND II.

When a defendant voluntarily ceases a challenged practice, a mootness dismissal requires the court to evaluate whether the conduct is likely to recur. In *County of Los Angeles v. Davis 440 U.S. 625 (1979),* the Supreme Court announced a two-part test for such scenarios. First, for it must be shown that there is no reasonable expectation of recurrence, and second interim effects of the violation have been completely and irrevocably eradicated. *Id at 631*. It must be "absolutely clear that the allegedly *wrongful behavior could not reasonably be expected to*

USA v. GVI, VIPD & Brooks
Case No. 2025-cv-00050
GVI Motion to Dismiss FRCP R 12(b)(1)
Page 8 of 12

recur." *Friends of the Earth, Inc. v. Laidlaw Env'l Servs.* (TOC), Inc., 528 U.S. 167, 189-90

(2000) (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203

(1968)); accord *FBI v. Fikre*, 601 U.S. 234, 242 (2024) (a qualified government say-so is not

enough). However, as established below, the conduct challenged in Counts I and II has been

expressly and permanently forbidden by statute, rendering recurrence virtually impossible.

### A. ACT NO. 9113 HAS REMOVED THE HOME INSPECTIONS REQUIREMENT.

As to Count I, the GVI acknowledges that home inspection associated with verifying the

installation of a safe were historically overreaching. Under the new statute, the GVI asserts, it is

clear, that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of*

*the Earth, Inc. v. Laidlaw Env'l Servs. (TOC), Inc.*,528 U.S. 189-90 (2000) (quoting *United*

*States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968).

In particular, Act No. 9113 at Sec. 489a(e) expressly states that nothing in the act is to be

construed to authorize a search of real or personal property except as permitted by the Fourth

Amendment or the Revised Organic Act. At Sec. 455(a)(8), gun applicants are only required to

certify that they will comply with safe storage requirement.

Furthermore, the VIPD Commissioner, by Declaration dated July 16, 2026, has

reaffirmed VIPD's commitment to discontinuation of practices that are inconsistent with the

Second Amendment, *Bruen* and *Heller*. (Exhibit F.). Because Act No. 9113 forecloses the prior

practices, there is, in short, no lawful mechanism by which the former discontinued practices can

recur.

USA v. GVI, VIPD & Brooks
Case No. 2025-cv-00050
GVI Motion to Dismiss FRCP R 12(b)(1)
Page 9 of 12

This matter is entirely distinguishable from *United States v. Government of the Virgin Islands*, 363 F.3d 276 (3d Cir. 2004), where the Third Circuit held cessation *insufficient* where its timing suggested litigation driven change and the government continued to defend the legality of challenged practice. Here, Act No. 9113 is twenty-five pages of comprehensive, thoughtful legislation. A VIPD Legal Bulletin, as early as Spring 2024, recognized that the discretionary provisions in Virgin Islands law were unconstitutional and adjusted agency practices prior to the institution of this lawsuit.

The GVI's answer [ECF No. 12], as early as February 2026, denied that the inspection practices continued. As part of the Court's analysis, it should consider the "proper reason" requirement was abandoned by VIPD almost two years before the filing of the USA's Complaint. Government officials are presumed to act in good faith. *Bridge v. U.S. Parole Comm'n*, 981 F.2d 97, 106 (3d Cir. 1992) The Commission's Declaration is more than a qualified response. It is the top Virgin Islands enforcement officer, reaffirming his commitment to the Second Amendment principles and disassociation from any prior practices which violate the United States Constitution or the Revised Organic Act.

Statutory changes that discontinue a challenged practice are 'usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed.'" *Valero Terrestrial Corp. v. Paige,* 211 F.3d 112, 116 (4th Cir. 2000) (quoting *Native Village of Noatak v. Blatchford,* 38 F.3d 1505, 1510 (9th Cir. 1994)); see also *National Black Police Ass'n v. District of Columbia*, 323 U.S. App. D.C. 292, 108 F.3d 346, 349 (D.C. Cir. 1997) (" the mere power to reenact a challenged law is not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists"). Given the comprehensive nature of

USA v. GVI, VIPD & Brooks
Case No. 2025-cv-00050
GVI Motion to Dismiss FRCP R 12(b)(1)
Page 10 of 12

Act No. 9113, the Legislature's explicit reliance on Supreme Court Second Amendment precedents in its legislative findings, and the VIPD' demonstrated good faith cessation prior to litigation, there is no reasonable basis to suspect that the prior law or practices will be reenacted or revived. *See Thomas v. Fielder* 884 F.2d 990,995-96 (7th Cir. 1989)

Rather, the new legislation must be viewed as a commendable and effective effort "to repair what may have been a constitutionally defective statute." *American Library Ass'n v. Barr* 956 F.2d 1178, 1185 (D.C. Cir. 1992). No legitimate basis exists to suggest that Act No. 9113 is anything other than "responsible lawmaking." *Id.*

B.  ACT NO. 9113 CLARIFIES APPLICANT CRITERIA AND TIMELINES FOR THE PROCESSING OF FIREARMS LICENSES.

Act No. 9113 now installs mandatory clocks at every stage of the firearm license application process. Under § 456(c), the Commissioner must provide a completeness notice within ten business days. Under § 456(d) the Commissioner is strictly required to issue the license or provide a written notice of denial within thirty days of receiving a completed application. Denials are confined to the failure to meet the statute's criteria and require specific written notice of reason based on the applicant's evidence. In keeping with the tenets established in *Davis*, there is no reasonable expectation that protracted delays will recur. *Davis* 440 U.S. at 631.

Again, unlike in *USA v. VI.* 363 F.3d 276, the VIPD 's voluntary cessation was not driven by the USA's filing. Passing new legislation is not within the ambit or authority of the Virgin Islands Police Department. Nonetheless, as the agency responsible for issuing firearms licenses,

USA v. GVI, VIPD & Brooks
Case No. 2025-cv-00050
GVI Motion to Dismiss FRCP R 12(b)(1)
Page 11 of 12

it adjusted its internal protocols to conform to constitutional precedents. The sweeping

amendments in Act No. 9113 have statutorily foreclosed VIPD from reverting to any of its prior

"abandoned" practices related to a "proper reason" requirement, "searches for safes" and

"unreasonable delays for firearms license processing.

CONCLUSION

Based on the foregoing, the GVI respectfully requests that the USA's Complaint, be

dismissed with prejudice. As to Count I and II dismissal is warranted on mootness due to

statutory foreclosure and no reasonable likelihood that conduct will recur. As to Count III,

dismissal with prejudice is sought based on mootness due to the repeal of prior statute and

enactment of Act No. 9113 which fully resolves all practices placed at issue in the USA's

Complaint.

**DATED: July 22, 2026**                          **RESPECTFULLY SUBMITTED,**
                                                  **GORDON C. RHEA, ESQ.**
                                                  **ATTORNEY GENERAL**

                                          **BY:**    **/s/Ariel M. Smith**
                                                     **ARIEL M. SMITH, ESQ.**
                                                     Assistant Attorney General
                                                     Bar No. 532
                                                     V.I. Department of Justice
                                                     34-38 Kronprindsens Gade
                                                     GERS Building, 2nd Floor
                                                     St. Thomas, VI 00802
                                                     Phone: (340) 774-5666
                                                     E: ariel.smith@doj.vi.gov

USA v. GVI, VIPD & Brooks
Case No. 2025-cv-00050
GVI Motion to Dismiss FRCP R 12(b)(1)
Page 12 of 12

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2026, I have caused an exact copy of the foregoing to be served electronically through the e-filing system upon the following counsel and all other counsel of record:

Angela P. Tyson-Floyd
Assistant United States Attorney
Civil Chief & Financial Lit. Coordinator
1108 King Street, Suite 201
Christiansted, VI 00820
Email: angela.p.tyson-floyd@usdoj.gov

William Hanrahan  William.hanrahan@uddoj.gov

Barry K. Arrington barry.arrington@usdoj.gov

/s/ Ariel M. Smith_____