# ACT NO. 9 1 1 3

## BILL NO. 36-0144

## THIRTY-SIXTH LEGISLATURE OF THE VIRGIN ISLANDS

## Regular Session

## 2026

An act amending title 14 Virgin Islands Code, chapter 113 to define and prohibit assault rifles, ban suppressors and silencers, require safety training for licensed rifles and shotgun holders; prohibit large-capacity magazines and prevent the illegal sales of firearms, firearm accessories and ammunition

---0---

*Be it enacted by the Legislature of the Virgin Islands:*

### SECTION 1. SHORT TITLE

This Act may be cited as the "2026 Second Amendment Rights and Public Safety Act."

### SECTION 2. LEGISLATIVE FINDINGS AND PURPOSE

The Legislature finds and declares that:

(a)     The Second Amendment to the United States Constitution, made applicable to the Virgin Islands under Section 3 of the Revised Organic Act of 1954, as amended, provides: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

(b)     The United States Supreme Court, in *District of Columbia v. Heller*, 554 U.S. 570, 628-629 (2008), held that the Second Amendment guarantees the right of individuals to keep and bear arms for self-defense, including the right to keep and bear handguns in the home for the protection of one's home and family.

(c)     In *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 70 (2022), the Supreme Court also held that the Second Amendment guarantees the right to bear commonly used arms in public subject to certain reasonable, well-defined restrictions and that statutes conditioning the issuance of a license to possess or carry firearms on a showing of "proper cause" or "special need" for self-protection violate the Second Amendment.

(d)     The United States Supreme Court has repeatedly recognized that the right secured by the Second Amendment is not unlimited and also recognized the validity of longstanding prohibitions on the possession of firearms by felons and the mentally ill, laws forbidding the

carrying of firearms in sensitive places such as schools and government buildings, and laws imposing conditions and qualifications on the commercial sale of arms.

(e)    The Supreme Court has also upheld the validity of the historical tradition of prohibiting the carrying of "dangerous and unusual weapons" and weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns.

(f)    Therefore, it is necessary to amend the provisions of the Virgin Islands Code regarding the possession, receipt, purchase, sale, transfer, transportation, and carrying of firearms, in order to safeguard the right of the people to keep and bear arms, while enabling law enforcement to protect the people of the Virgin Islands from unlawful gun violence in a manner that is consistent with the  nation's historical tradition of firearm regulation.

**SECTION 3.** Title 23, Virgin Islands Code, chapter 5, sections 451, 452, 453, 454, 454a, 455, 456, 456a, 457, 458, 459, 459a, 460, 466, 471, 472, 473, 480, 483, 485, and 489a are repealed and reenacted with the following amendments:

**"§451.  Definitions**

As used in this chapter, unless the context clearly requires otherwise:

(a)    ".50 BMG (Browning Machine Gun) cartridge" means a cartridge that is designed and intended to be fired from a center-fire rifle and that meets all the following criteria:

(1)    it has an overall length of 5.54 inches from the base to the tip of the bullet;

(2)    the bullet diameter for the cartridge is from .510 inches to and including .511 inch;

(3)    the case base diameter for the cartridge is from .800 inches to and including .804 inch; and

(4)    the cartridge case length is 3.91 inches.

(b)    "Ammunition" means any bullet, cartridge, projectile, buckshot, or any load placed or which may be placed in a firearm to be discharged.

(c)    "Automatic weapon" means any firearm, as defined in subsection (l), that has the capacity to fire more than one shot without manually reloading with a single pull of the trigger.

(d)    "Bump stock" means any device or instrument for a firearm that increases the rate of fire achievable with the firearm by using energy from the recoil of the firearm to generate a reciprocating action that facilitates repeated activation of the trigger.

(e)    To "carry" a firearm means to possess a firearm, as defined in subsection (l), on one's person or readily accessible for immediate use while present in any location other than one's own residence or one's own privately owned or leased real property.

(f)    "Commissioner" means the Commissioner of the Virgin Islands Police Department, or the commissioner's designee.

(g)    "Conversion kit" means any part or combination of parts designed and intended for use in converting any firearm into an automatic weapon, and any combination of parts from which an automatic weapon can be assembled; including  machine gun conversion devices, chips, three dimensional printed parts designed to mimic selector plates, and binary triggers which allow a firearm to discharge one round upon the pull of the trigger and a second round upon release of the trigger.

(h)    "Crime of violence" means the crime of, or the attempt to commit, murder in any degree, voluntary manslaughter, rape, arson, discharging or aiming firearms, mayhem, kidnapping, assault in the first degree, assault in the second degree, assault in the third degree, robbery, burglary, unlawful entry or larceny.

(i)    "Dealer in firearms and/or ammunition" means any person engaged in the business of selling firearms and/or ammunition, for a profit or gain.

(j)    "Department" means the Virgin Islands Police Department (V.I.P.D.).

(k)    "Explosive device" means an explosive, incendiary, or poison gas bomb, grenade, rocket, missile, mine, or similar device.

(l)    "Firearm" means any device by whatever name known, capable of discharging ammunition by means of gas generated from an explosive composition, which will, or is designed to, or may readily be converted or restored to expel a projectile.

(m)    "Firearm silencer" means any device, instrument or attachment for silencing, suppressing, muffling, or diminishing the noise of the firing of any firearm, including the frame or receiver of any such device, and any part intended for use in assembling or fabricating such a device.

(n)    "Ghost gun" means a home-made device that does not have a serial number and consists of a barrel, breechblock, or any other configuration that has a firing mechanism capable of discharging ammunition.

(o)    "Gunsmith" means any person who engages in the business of repairing, altering, cleaning, polishing, engraving, or performing any mechanical operation on any firearm on an individual order basis.

(p)    "Handgun" means a firearm as defined in subsection (l) which does not exceed 12 inches in total length, whether loaded or unloaded.

(q)    "Large capacity magazine" means any magazine, belt, box, drum, tube, or similar device which can hold more than 15 rounds of ammunition.

(r)    "Lockbox" means a secure hard-sided container designed to safely store a firearm, which, when locked, is incapable of being opened without the key, combination, or other similar means, and can prevent an unauthorized person from obtaining access.  For purposes of this chapter, a glove compartment, center console, or vehicle trunk shall not be considered an appropriate safe storage lockbox.

(s)    "Longarm firearm" means any firearm as defined in subsection (l) which is not a handgun as defined in subsection (p), that are typically characterized by long barrels and designed to be fired while braced against the shoulder.

(t)    "Organization" means any partnership, company, corporation, or other business entity, or any group or association of two or more persons united for a common purpose.

(u)    "Short-barreled rifle" means a rifle having one or more barrel less than 16 inches in length, and any weapon made from a rifle, whether by alteration, modification, or otherwise, if such weapon as modified has an overall length of less than 26 inches.

(v)    "Short-barreled shotgun" means any firearm, as defined in subsection (l), having any barrel less than 18 inches in length that is designed to fire through a smooth bore, either a number of ball shot or a single projectile.

(w)    "Weapons offense" means any violation in any jurisdiction of any law which involves the sale, purchase, transfer in any manner, receipt, acquisition, possession, having under control, use, repair, manufacture, carrying, or transportation of any firearm, ammunition, or explosive device.

## §452.  Applicability of chapter, severability of provisions

(a)    No person shall possess, receive, purchase, sell, transfer, transport or carry a firearm within the Virgin Islands, or engage in the business of dealer in firearms and/or ammunition or the business of gunsmith, except in compliance with the provisions of this chapter.

(b)    Any valid, unexpired license to possess or carry a firearm in the Virgin Islands issued by the commissioner prior to the effective date of this chapter shall serve as both a Virgin Islands Firearms License and a registration certificate for the purposes of this chapter until the date of expiration shown on the license.  Following the expiration of the license, the licensee may apply for renewal of their Virgin Islands Firearms License in accordance with the provisions of section 457 of this chapter.  If the license is renewed, the Commissioner shall furnish the licensee with a Virgin Islands Firearms License and with a registration certificate for each firearm that the licensee was licensed to possess or carry prior to the effective date of this chapter.

(c)    Any person who possessed an unlicensed or unregistered firearm prior to the effective date of this chapter shall be immune from criminal prosecution for the unlawful possession of any such firearm if the person, within 90 days of the effective date of this chapter, and before being arrested for or charged with unlawful possession of any such firearm:

(1)    contacts the Firearms Bureau of the VIPD to arrange the surrender of any unlicensed or unregistered firearms in their possession to the VIPD; and

(2)    surrenders any unlicensed or unregistered firearms in their possession to the VIPD.

(d)    Any person who surrenders an unlicensed or unregistered firearm in accordance with subsection (c) may, within 90 days of surrendering a firearm, apply for a Virgin Islands Firearms License, in accordance with section 455 of this chapter, and for a registration certificate for any firearm surrendered, in accordance with section 459 of this chapter. The VIPD shall retain custody of any surrendered firearms during the pendency of any application submitted under this subsection. If the applicant is issued a Virgin Islands Firearms License and one or more registration certificates, the VIPD shall promptly return to the licensee any firearm for which a registration certificate has been issued in accordance with the provisions of this chapter. If an application submitted pursuant to this subsection is denied, the applicant shall have 60 days from the issuance of the notice of denial of their application within which to arrange for any surrendered firearms to be lawfully transported outside of the territory or for ownership and possession of the surrendered firearms to be lawfully transferred to another person holding a valid Virgin Islands Firearms License. If the applicant fails to arrange for the lawful transport or transfer of the surrendered firearms within 60 days, any property rights in the surrendered firearms shall be deemed forfeited. If the applicant files a petition for writ of review challenging the denial of their license in accordance with section 472 of this chapter, the 60-day period shall be tolled from the date of filing until the Superior Court enters a final judgment in the matter.

(e)    Any person who has a licensed firearm that was manufactured to hold more than 15 rounds prior to the effective date of this act may own and register the firearm, but cannot sell or transfer the firearm unless, the sale or transfer is to a federal firearm dealer or outside of the Virgin Islands.

(f)    If any provision of this chapter is held unconstitutional or otherwise invalid, the remaining parts shall remain in full force and effect to the maximum extent permitted by law.

### §453. Persons who may lawfully possess, receive, purchase, carry or transport firearms

(a)    The following persons, in the discharge of their official duties, and in accordance with and subject to the conditions and restrictions imposed by the laws and regulations applicable to their conduct, may, lawfully have, possess, bear, transport and carry firearms in the Virgin Islands, irrespective of the licensure and registration requirements set forth in this chapter:

(1)    active-duty members of the Armed Forces of the United States or of the organized reserves while acting within the scope of their official duties;

(2)    officers and employees of the United States duly authorized by federal law to carry firearms while they are acting within the scope of their official duties;

(3)     any marshal, sheriff, constable, police or other peace officer, of any state or territory of the United States, whose duty it is to serve process and make arrests, and who is travelling through the Virgin Islands on official business, while they are acting within the scope of their official duties;

(4)     members of the police force of the Virgin Islands, marshals, or other duly authorized peace officers;

(5)     penitentiary and jail wardens and guards; and

(6) Federal Flight Deck Officers deputized under 49 U.S. Code § 44921 to carry a firearm in the cockpit of a commercial aircraft may lawfully transport a firearm in the Virgin Islands only between the aircraft cockpit to their place of temporary residence, hotel, or other lodging, in connection with official flight duties. At all other times outside of the cockpit, the firearm shall remain secured in a lockbox.

(b)     The persons authorized by subsection (a) of this section to lawfully have, possess, bear, transport and carry firearms shall obtain such weapons and ammunition only through the duly authorized officers or heads of their respective services or departments.

(c)     Except as provided in subsection (a), or as otherwise provided in this chapter, no person shall possess a firearm in the Virgin Islands unless the person:

(1)     holds a valid Virgin Islands Firearms License; and either

(2)     holds a valid registration certificate for the firearm; or

(3)     is employed by an organization that holds a valid registration certificate for the firearm and is duly authorized by their employer to possess, control, transport, or carry the firearm in the scope and course of their employment in accordance with chapter 17 of this title.

(d)     No organization shall possess a firearm in the Virgin Islands unless:

(1)     the organization holds

(A) a valid license to engage in the business of dealing in firearms, ammunition or as a gunsmith in accordance with section 461 of this title; or

(B) a valid license to operate as a private investigative agency, watchman, guard, or patrol agency in accordance with the provisions of chapter 17 of this title; and

(2)     the organization holds a valid registration certificate for the firearm.

(e)     No person or organization, except those persons authorized under subsection (a) shall possess, receive, purchase, sell, or transfer any:

    (1)    explosive device;

    (2)    automatic weapon;

    (3)    short-barreled rifle;

    (4)    short-barreled shotgun;

    (5)    ghost gun; or

    (6)    centerfire rifle that is capable of firing a .50 BMG cartridge.

(f)    Except as permitted under subsection (a), no person shall receive, purchase, or otherwise acquire a firearm in the Virgin Islands unless the person:

    (1)    holds a valid Virgin Islands Firearms License; and

    (2)    holds a valid registration certificate for the firearm.

(g)    No organization shall receive, purchase, or otherwise acquire a firearm in the Virgin Islands unless:

    (1)    the organization holds

    (A) a valid license to engage in the business of dealing in firearms and/or ammunition or as a gunsmith in accordance with section 461 of this title; or

    (B) a valid license to operate as a private investigative agency, watchman, guard, or patrol agency in accordance with the provisions of chapter 17 of this title; and

    (2)    holds a valid registration certificate for the firearm.

(h)    Except as permitted under subsection (a), no person shall carry a firearm in the Virgin Islands unless the person:

    (1)    holds a valid Virgin Islands Firearms License; and

    (2)    holds a valid registration certificate for the firearm.

(i)    Except as permitted under subsection (a), no person shall carry a longarm firearm in the Virgin Islands and no person shall carry any firearm openly in public. Except as permitted under subsection (a), no person shall carry any firearm in the following locations or under the following circumstances:

8

(1)    within a building or office occupied by the Government of the Virgin Islands, its departments, agencies, or instrumentalities, however, these entities must provide lockboxes on site to safely secure weapons;

(2)    within a building of a childcare facility, preschool, public, private or parochial elementary or secondary school, or a public or private college or university only if conspicuous signage is posted on the property prohibiting the carrying of a firearm or the head of the institution communicates such prohibition to the licensee;

(3)    the building of a hospital or mental health facility;

(4)    a penal institution, secure juvenile residential facility, or halfway house;

(5)    a polling place while voting is occurring or is authorized to occur;

(6)    when demonstration in a public place is occurring, within an area designated by the commissioner, or his designee, or other law enforcement agency, that does not include any point at a distance greater than 1,000 feet from the demonstration; provided, that no licensee shall be criminally prosecuted unless:

  (A)  the law enforcement agency provides notice of the designated area by the presence of signs, law enforcement vehicles or officers acting as a perimeter, or other means to make the designated area of the demonstration obvious;

  (B)  the commissioner has provided notice prohibiting the carrying of firearms along or within a demonstration route or designated area in advance of the event, and by posted signage along a demonstration route or designated area; or

  (C)  the licensee has been ordered by a law enforcement officer to leave the designated area and the licensee has not complied with the order;

(7)    in a church, synagogue, mosque, or other place where people regularly assemble for religious worship, only if conspicuous signage is posted on the property prohibiting the carrying of a firearm, or the religious leader communicates such prohibition personally to the licensee.

(8)    at special events open to the public, including carnival or festival, provided that the Commissioner has provided notice prohibiting the carrying of firearms in advance of the special event and by posted signage at the special event;

(9)    on private property, only if conspicuous signage is posted on the property prohibiting the carrying of a firearm, or the owner communicates such prohibition personally to the licensee.

(j)    For the purposes of this section, the term:

(1)     "Demonstration" means three or more persons demonstrating, picketing, speechmaking, marching, holding a vigil, or engaging in any other similar conduct that involves the communication or expression of views or grievances and that has the effect, intent, or propensity to attract a crowd or onlookers.  The term "demonstration" does not include the casual use of property by visitors or tourists that does not have the effect, intent, or propensity to attract a crowd or onlookers.

(2)     "Residence" means a building wholly or partly used or intended to be used for living and sleeping by human beings, together with any fences, walls, sheds, garages, or other accessory buildings appurtenant to the building, and the area of land surrounding the building and actually or by legal construction forming one enclosure in which such a building is located, but does not include adjacent common areas or commercial property contained in any part of the building.

(k)     Except as permitted under subsection (a) or under subsections (h) and (i), no person shall transport a longarm firearm in the Virgin Islands unless:

(1)     the person lawfully possesses the firearm in accordance with subsection (c);

(2)     the person is transporting the firearm for a lawful purpose from a place where the person may lawfully possess and carry the firearm to another place where the person may lawfully possess and carry the firearm;

(3)     if the transportation of the firearm is by a vehicle, the firearm shall be unloaded, and neither the firearm nor any ammunition being transported shall be readily accessible or directly accessible to the driver or passengers of the transporting vehicle; provided that, if the transporting vehicle does not have a trunk, the unloaded firearm or ammunition shall be stored inside a lockbox;

(4)     if the transportation of the firearm is in a manner other than in a vehicle, the firearm shall be unloaded, inside a lockbox, and separate from any ammunition.

(l)     Notwithstanding any other provision of this chapter, a person may temporarily possess, carry, and use a firearm that is lawfully registered to another person or organization while inside the confines of a licensed shooting range or gun club, or while participating in a firearms safety course or class under the supervision of a certified firearms instructor.

(m)     Notwithstanding paragraphs (1), (2), and (3) of subsection (i), a person who holds a valid Virgin Islands firearms license and a valid registration certificate for the firearm does not violate subsection (i) solely because that firearm is present, while being transported in or stored within a private motor vehicle, on the grounds of a location described in paragraph (i)(1), (i)(2), or (i)(3), provided that:

(1)     the firearm is unloaded and secured within a lockbox, as defined in section 451 (r) of this chapter;

(2)     the firearm is not readily accessible to the driver or any passenger; and

10

(3)    the firearm is not removed from the lockbox, displayed, or carried into any building, office, or structure in which the carrying of a firearm is otherwise prohibited under this section.

Nothing in this subsection authorizes the carrying or possession of a firearm within any building, office, or structure described in subsection (i).

### §454.  Firearms License Requirements

(a)    The Commissioner shall issue a Virgin Islands Firearms License to any person who submits a completed application if the application and accompanying materials demonstrate that each of the following requirements are met:

(1)    the applicant is 21 years of age or older;

(2)    the applicant is a United States citizen or a lawful resident alien;

(3)    the applicant has not been convicted by a court in any jurisdiction of a violent crime punishable by imprisonment for a term exceeding one year;

(4)    the applicant is not a fugitive from justice;

(5)    the applicant is not presently charged, in any jurisdiction, with the commission of a crime of violence or a weapons offense;

(6)    the applicant has not been adjudicated negligent in a firearm mishap causing death or injury to another human being;

(7)    the applicant has not been convicted in any court of a misdemeanor crime of domestic violence;

(8)    the applicant is not an unlawful user of or addicted to any controlled substance as defined in title 19, VIC, section 593(6);

(9)    the applicant is not subject to a court order that

(A) was issued after a hearing of which the person received actual notice, during which the person had an opportunity to participate; and

(B) includes a finding that the person represents a credible threat to the physical safety of another person; or by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such person that would reasonably be expected to cause bodily injury;

(10)   the applicant, within the 5-year period immediately preceding the application, has not been:

(A) adjudicated as a mental defective as that term is defined in 27 C.F.R. §478.11;

(B) committed to a mental institution, as that term is defined in 27 C.F.R. §478.11;

(C) voluntarily admitted to a mental health facility; or

(D) involuntarily committed to a mental health facility by a court in any jurisdiction;

(11) the applicant has, within the ten-year period, immediately preceding submission of the application:

(A) completed a firearms safety course taught by a certified firearms instructor approved by the commissioner, including training in the firearms laws of the Virgin Islands; or

(B) received firearms training in the scope and course of the applicant's employment as a law enforcement officer.

(b)    For the purposes of this section, the phrase "mental health facility" includes behavioral health facilities, mental hospitals, sanitariums, psychiatric facilities and other facilities that provide diagnoses by licensed professionals for mental illness, including a psychiatric ward in a public or private hospital. The receipt of outpatient counseling, therapy, evaluation, or other outpatient mental-health or behavioral-health services that does not involve admission for inpatient or residential treatment, including grief, family, marital, or crisis counseling, does not constitute admission to a mental health facility under this chapter and is not, by itself, a basis to deny, suspend, or revoke a Virgin Islands Firearms License.

### §455. Application for Firearms License

(a)    Every application for a Virgin Islands Firearms License shall be made under oath on a form prescribed by the commissioner:

(1)    the full legal name of the applicant and any other name by which the applicant is known;

(2)    the present address and each home address where the applicant has resided during the five-year period immediately preceding the application;

(3)    the present business or occupation of the applicant and the address and phone number of the employer;

(4)    the date and place of birth of the applicant;

(5)    the sex of the applicant;

12

(6)    whether the Virgin Islands, the United States or the government of any state or territory or subdivision thereof has denied or revoked the applicant's license, registration certificate, or permit pertaining to any firearm;

(7)    a description of the applicant's role in any mishap involving a firearm, including the date, place, time, circumstances, and the names of the persons injured or killed;

(8)    a certification that the applicant will comply with the safe storage requirements for firearms set forth in section 489a of this chapter;

(9)    a certification that the applicant has reviewed the requirements for issuance of a firearms license set forth in section 454 of this chapter and that the applicant satisfies each of the requirements set forth in that section.

(b)    Together with the application form, the commissioner shall provide each applicant with a complete list of the requirements for issuance of a firearms license set forth in section 454 of this chapter for the applicant to review prior to certifying that they satisfy those requirements.

(c)    Every applicant for a Virgin Islands Firearms License must obtain, at their own expense, and submit, together with the application form, the following documents:

(1)    a certified copy of the applicant's criminal history as maintained by the Virgin Islands Police Department, Bureau of Records;

(2)    a completed fingerprint card which may be obtained from the Virgin Islands Police Department;

(3)    a copy of a valid photo ID issued by the Government of the Virgin Islands or a United States Passport; and

(4)    a certificate of completion of a firearms safety course that satisfies the requirements of section 454(a)(12) of this chapter and is signed by a certified firearms instructor; or

(5)    evidence that the applicant received firearms training in the scope and course of the applicant's employment as a law enforcement officer within the 10-year period immediately preceding submission of the application.

(d)    Every applicant for a Virgin Islands Firearms License shall pay a non-refundable fee of $150 when the application is submitted to cover the administrative costs of processing the application.

(e)    Every applicant for a Virgin Islands Firearms License shall be photographed upon submitting the application.

**§456.  Processing of Application; Issuance or Denial of License; Contents of License**

(a)    Upon the submission of an application for a Virgin Islands Firearms License, the Commissioner shall immediately review the application for completeness.

(b)    An application for a Virgin Islands Firearms License shall be deemed completed when:

(1)    the applicant submits an application form that contains all the information and certifications required under section 455(a) of this chapter together with the documents required under section 455(c) of this chapter;

(2)    the applicant has paid the application fee; and

(3)    the applicant has been photographed.

(c)    If the commissioner determines that a submitted application is incomplete, the applicant shall be notified of the deficiencies in the application no later than 10 business days from the date the incomplete application is submitted.

(d)    Upon the submission of a completed application for a Virgin Islands Firearms License, the commissioner shall, within 30 days:

(1)    examine the application, check all available state and federal criminal data banks, and conduct any additional investigation of available government records or other information that may be necessary to verify that the applicant satisfies each of the requirements for issuance of a firearms license set forth in section 454 of this chapter; and

(2)    issue a Virgin Islands Firearms License to the applicant; or

(3)    provide the applicant with a written notice of denial of the application that shall:

(A)  specifically identify which of the requirements set forth in section 454 of this chapter the applicant fails to satisfy, and

(B)  explain the reasons for the determination that the applicant fails to satisfy each requirement identified; or

(C)  if the examination and investigation of the application reveals evidence sufficient to support to a reasonable belief that the applicant may fail to satisfy one or more of the requirements set forth in section 454 of this chapter, provide the applicant with a written notice identifying the evidence and explaining the basis of the reasonable belief, and directing the applicant to submit additional documents, materials, or other evidence necessary to verify that the applicant satisfies the requirements for issuance of a firearms license.

14

(4)    Upon submission of the documents, materials, or other evidence requested, the Commissioner shall, within 30 days, either issue a Virgin Islands Firearms License to the applicant or provide the applicant with a written notice of denial in accordance with subsection (d)(3)(A).

(e)    A Virgin Islands Firearm License issued pursuant to the provisions of this chapter shall include:

(1)    the name, address, physical description, and signature of the licensee;

(2)    a color photograph of the licensee's face;

(3)    a statement that the license is not transferable and shall be always carried by the licensee when in possession of a firearm;

(4)    the date on which the license expires; and

(5)    a unique Virgin Islands Firearms License number.

(f)    The Department shall retain either a digital or physical copy of any application materials submitted and any license issued under the provisions of this chapter for as long as the license remains active and for a period of not less than 10 years after any unrenewed license has expired.

## §457.  Expiration and Renewal of License

(a)    A Virgin Islands Firearms License issued under this chapter shall expire five years after the date of issuance unless it is renewed in accordance with this section for subsequent five-year periods.

(b)    For each renewal, a licensee shall submit an application for renewal, on a form prescribed by the commissioner, which shall provide:

(1)    the licensee's name, date of birth, and present address; and

(2)    A certification that the licensee has reviewed the requirements for issuance of a firearms license set forth in section 454 of this chapter and that the licensee continues to satisfy each of the requirements set forth in that section.

(c)    Every applicant for renewal of a Virgin Islands Firearms License shall pay a non-refundable fee of $50 when the application is submitted to cover the administrative costs of processing the renewal application.

(d)    A licensee must submit a renewal application at least 60 days prior to the expiration of the license to ensure timely renewal.

(e)    As part of the renewal process, the licensee must present all registered firearms for inspection by the VIPD Firearms Bureau.

(f)    Upon the submission of a renewal application, the commissioner shall check all available state and federal criminal data banks and, in the absence of any evidence indicating that the licensee fails to satisfy one or more of the requirements set forth in section 454 of this chapter, shall renew the license.

(g)    Upon the submission of a completed renewal application and payment of the $50 renewal fee, the Virgin Islands Police Department shall issue a receipt to the applicant attesting to the submission and payment.  The receipt, together with the licensee's expired Virgin Islands Firearms License, shall serve as a temporary license until the commissioner either:

(1)    issues the renewed license; or

(2)    provides the licensee with a written notice of revocation that shall:

(A)  specifically identify which of the requirements set forth in section 454 of this chapter the applicant fails to satisfy, and

(B)   explain the reasons for the determination that the licensee fails to satisfy each requirement identified.

## §458.  Suspension or Revocation of License

(a)    If, at any time following the issuance of a Virgin Islands Firearms License, the commissioner obtains evidence sufficient to support to a reasonable belief that the licensee no longer satisfies one or more of the requirements set forth in section 454 of this chapter or that the licensee presents a danger to the community, the  commissioner shall suspend the license by providing the licensee with a written notice of suspension identifying the evidence and explaining the reasons for such belief, and directing the licensee to submit additional documents, materials, or other evidence necessary to verify that the applicant satisfies the requirements for issuance of a firearms license.

(b)    Upon submission of the documents, materials, or other evidence requested, the commissioner shall, within 30 days, either renew the license or revoke the license in accordance with subsection (c).

(c)    If, at any time following the issuance of a Virgin Islands Firearms License, the commissioner determines, upon a preponderance of the evidence, that the licensee no longer satisfies one or more of the requirements in section 454 of this chapter, the commissioner shall revoke the license by providing the licensee with a written notice of revocation that shall:

(1)    specifically identify which of the requirements in section 454 of this chapter the applicant fails to satisfy, and

(2)    explain the reasons for the determination that the licensee fails to satisfy each requirement identified.

(d)    Notwithstanding the provisions of paragraph (c) of this section, no Virgin Islands Firearms License that is otherwise valid under the provisions of this chapter shall be revoked solely because the licensee has been charged with the commission of a crime of violence or a weapons offense. In such case, the license shall be suspended pending resolution of the charges and the commissioner shall provide written notice of the suspension to the licensee.

(e)    Upon receiving a notice of suspension or notice of revocation of a Virgin Islands Firearms License the licensee shall, within 48 hours, surrender their license to the commissioner, all firearm registration certificates they may hold, and all firearms in their possession until such time as the license is reinstated.  Upon receiving a notice of revocation of a Virgin Islands Firearms License, the licensee shall have 60 days within which to arrange for any surrendered firearms to be lawfully transported outside of the territory or for ownership and possession of the surrendered firearms to be lawfully transferred to another person holding a valid Virgin Islands Firearms License. If the licensee fails to arrange for the lawful transport or transfer of the surrendered firearms within 60 days, any property rights in the surrendered firearms shall be deemed forfeited. However, if the licensee files a petition for writ of review challenging the revocation of their license in accordance with section 472 of this chapter, the 60-day period shall be tolled from the date of filing until the Superior Court enters a final judgment in the matter.

## §459.  Registration of Firearms; Application; Issuance of Certificate

(a)    Every person applying for a firearm registration certificate shall provide, under oath, on a form prescribed by the commissioner:

(1)    the applicant's name, date of birth, and present address;

(2)    the applicant's Virgin Islands Firearms License number;

(3)    the caliber, make, model, manufacturer's identification number, serial number, and any other identifying marks on the firearm;

(4)    the name and address of the person or organization from whom the firearm was obtained, and in the case of a dealer, the dealer's license number;

(5)    where the firearm will generally be kept;

(6)    whether the applicant has applied for other registration certificates issued and outstanding; and

(7)    a certification that the applicant will comply with the safe storage requirements for firearms set forth in section 489a of this chapter.

(b)    Every organization applying for a firearm registration certificate shall:

(1)    with respect to the president or chief executive or managing partners of such organization, comply with the requirements of subsection (a) of this section; and

(2)    provide such other information as the commissioner determines is necessary to implement the provisions of this chapter.

(c)    Every applicant for a firearm registration certificate shall pay a non-refundable fee of $50 at the time the application is submitted to cover the administrative costs of processing the application.

(d)    No later than 30 days following the submission of a completed application, the commissioner shall issue a firearm registration certificate to the applicant if:

(1)

(A)  the applicant holds a valid Virgin Islands Firearms License; or

(B)  the president or chief executive or managing partners of an applicant organization hold(s) a valid Virgin Islands Firearms License; and

(2)    possession of the firearm to be registered is not prohibited under section 453(e) of this chapter.

## §460.  Continuing Obligations of Licensees and Registrants

(a)    Any person holding a Virgin Islands Firearms License or any organization in possession of a firearm registered under this chapter shall notify the VIPD Firearms Bureau within 48 hours of any of the following events or occurrences:

(1)    a change of the licensee's or registrant's name, address, phone number, or other contact information; or

(2)    any occurrence, event, or change in circumstances which results in the licensee or registrant no longer satisfying one or more of the requirements for the issuance of a Virgin Islands Firearms License in section 454 of this chapter.

(b)    Any person who violates this section shall be subject to suspension or revocation of their Virgin Islands Firearms License and a fine not more than $1,000.

## §466.  Sale of Weapons and Ammunition

(a)    No dealer in firearms or ammunition shall deliver a firearm to a purchaser unless the purchaser holds and presents to the dealer a valid Virgin Islands Firearms License and a registration certificate for the firearm being purchased. Any purchased firearm shall be delivered to the purchaser unloaded.

18

(b)    Except in the case of the sale or transfer to another dealer or peace officer, as defined in 5 V.I.C. § 3561, no dealer in firearms or ammunition shall sell or transfer any quantity of ammunition to any person unless:

(1)    the sale or transfer is made in person; and

(2)    the ammunition to be purchased or transferred is of the same caliber or gauge as the firearm described in a registration certificate held by the purchaser or transferee.

### §471.  Report of loss or theft of firearm

(a)    Any person who discovers the loss or theft of any firearm or ammunition in their possession or control shall report the loss or theft to the VIPD Firearms Bureau no later than 48 hours after the discovery of the loss or theft.

(b)    Any person who violates this section shall be subject to suspension or revocation of their Virgin Islands Firearms License and a fine not more than $1,000.

### §472.  Appeals

Any person aggrieved by the denial of their application for a Virgin Islands Firearms License or firearm registration certificate, by the commissioner's failure to process an application within the time limits set forth in this chapter, or by the suspension or revocation of their Virgin Islands Firearm License, shall be entitled to judicial review  by filing a  Petition for  Writ of  Review in the Superior Court of the Virgin Islands within 15 days after the date of the denial.  The action of the commissioner shall not be stayed by the filing of a Petition for Writ of Review or by the Superior Court's issuance of a writ of review unless the Superior Court expressly orders otherwise. A judgment sustaining a refusal to grant a license shall not bar a new application after one year; nor shall a judgment in favor of the petitioner prevent the commissioner from thereafter revoking or refusing to renew such license for any proper cause which may occur thereafter.

### §473.  Firearms Register

The commissioner shall establish a  firearms  register within the Department and maintain the register  so that the names of all persons holding a Virgin Islands Firearms License and all persons licensed as dealers in firearms or as gunsmiths, as well as the essential details concerning all firearms registered in the Virgin Islands, may be readily accessed by law enforcement officers in the scope and course of their duties to enforce the provisions of this chapter.

### §480.  Providing false information; penalties

Any person who knowingly gives false or misleading information in connection with any application, report, or response to a request for information submitted pursuant to the provisions of this chapter, shall be guilty of a felony and shall be punishable by imprisonment for a term of not more than two years or a fine of $5,000, or both.

19

### §485. Regulations

The Commissioner of Police shall promulgate regulations within 60 days of the effective date of this act. The commissioner may amend such regulations, not consistent with this chapter or the provisions of other law that are necessary and appropriate to carry out the purposes of this chapter under the procedures for the adoption and promulgation of regulations in title 3 Virgin Islands Code, chapter 35.

### §489a. Safe storage of firearms; penalties

(a)    Every person who owns, possesses, purchases, or acquires a firearm shall be responsible for the safe storage of the firearm.

(b)    A person who owns, possesses, purchases, or acquires a firearm must secure or safely store their firearm. If a firearm owner or purchaser fails to lock or safely store the firearm and it directly results in another person injuring or killing himself or someone else with said firearm, upon conviction, the owner or purchaser may be punished by a fine not more than $2,500 or imprisonment not more than two years, or both, and be subject to forfeiture of his license and firearm. This section shall not be construed as precluding the charge or conviction of any other violation of law.

(c)    No person shall leave a firearm in a motor vehicle unless it is stored in a firearm lockbox. A person convicted for violation of this subsection is subject to the penalties set forth in subsection (b) of this section.

(d)    For purposes of this section, "safe storage" means the storage of a firearm in a locked manner to prevent discharge or the storage of a firearm in a safe location that is inaccessible to all except the licensed owner of the firearm. For purposes of this section, a firearm is locked when the device installed on it or incorporated into its design is activated or set to prevent the firearm from being discharged.

(e)    Nothing in this section shall be construed to the authorize or permit any search or inspection of any person's real or personal property, except as permitted under the Fourth Amendment to the United States Constitution and section 3 of the 1954 Revised Organic Act of the Virgin Islands."

**SECTION 4.** Title 23, Virgin Islands Code, chapter 5 is amended by inserting the following new sections 491, 492 and 493:

### "§491. Carrying or using firearms while intoxicated

(a)    No person, while under the influence of alcohol or any controlled substance, shall carry or use any firearm.

(b)    Whoever violates this section shall be guilty of a misdemeanor and subject to imprisonment of not more than one year or a fine of $5,000, or both.

### §492.  Silencers, bump stocks, and conversion kits restricted

(a)    Except as otherwise provided in this section, it is unlawful for any person to possess, receive, purchase, sell, import, transfer, manufacture, transport, carry or use a firearm silencer, bump stock, or conversion kit in the Virgin Islands.

(b)    This section does not apply to law enforcement officers or agents of the United States Government acting within the scope of official duties; or members of the United States Armed Forces or National Guard in connection with lawful military activities.

(c)    Licensed gun ranges may possess firearm silencers and bump stocks on site only, which may be temporarily possessed, carried, and used by any person holding a valid Virgin Islands Firearms License while they are present on a licensed gun range.

(d)    ATF Authorization Not Recognized.  Notwithstanding any federal authorization, including a tax stamp or registration with the Bureau of Alcohol, Tobacco and Firearms (ATF), no person shall possess a firearm silencer, bump stock, or conversion kit in the Virgin Islands, except as permitted under this section.

(e)    Penalties:

(1)    the penalty for violation of this section shall constitute a felony and shall be punishable by imprisonment for not more than 10 years or a fine not more than $25,000, or both.

(2)    a person who possesses a firearm silencer, bump stock, or conversion kit that is borne, transported, or carried by, or under the proximate control of such person during the commission or attempted commission of a crime of violence, as defined in section 451 of this chapter, shall be imprisoned for not less than 5 years. The foregoing applicable penalties provided for violation of this section shall be in addition to the penalty provided for the commission of, or attempt to commit, the crime of violence and any unlawful possession of a firearm.

(3)    Any such device found in the territory, except for firearm silencers or bump stocks found within the confines of a licensed gun range, shall be deemed contraband and subject to immediate seizure and destruction.

### §493.  Large capacity magazines restricted

(a)    Except as otherwise provided in this section, it is unlawful for any person to knowingly possess, receive, purchase, sell, import, transfer, manufacture, transport, or carry a large capacity magazine in the Virgin Islands.

(b)    This section does not apply to the following individuals:

(1)    active-duty members of the Armed Forces of the United States or of the organized reserves, while conducting operations in the Territory and/or acting within the scope of official business;

(2)    officers and employees of the United States government authorized by federal law to carry firearms and acting within the scope of official business;

(3)    members of the VIPD, marshals, sworn peace officers of the Virgin Islands whether on or off duty, or other duly authorized law enforcement officers;

(4)    qualified retired law-enforcement officers; or

(5)    a licensed firearms dealer who sells a large capacity magazine to another licensed firearms dealer or to an individual exempt under paragraphs (1) through (4).

(c)    Penalties:

(1)    a person holding a valid Virgin Islands Firearms License, who possesses a large capacity magazine:

(A)  a first offense is subject to a civil fine of $500;

(B)  a second offense is subject to a civil fine of $2,500;

(C)  a third offense is a misdemeanor and subject to imprisonment of not more than one year or a fine of $5,000, or both.

(2)    any person who does not hold a valid Virgin Islands Firearms License and is not otherwise authorized under law to possess a firearm in the Virgin Islands, who possesses a large capacity magazine is guilty of a felony and subject to imprisonment for not more than 10 years or a fine of $10,000, or both.

(3)    any person who does not hold a valid Virgin Islands Firearms License and is not otherwise authorized by law to possess a firearm in the Virgin Islands, who possesses a large capacity magazine borne, transported or carried by, or under the proximate control of such person during the commission or attempted commission of a crime of violence, as defined in section 451 of this chapter, shall be imprisoned for not less than 5 years. The foregoing applicable penalties provided for violation of this section shall be in addition to the penalty provided for the commission of, or attempt to commit, the crime of violence and the unlawful possession of a firearm.

(4)    Any person who does not hold a valid Virgin Islands Firearms License and is not otherwise authorized by law to possess a firearm in the Virgin Islands, who possesses a large capacity magazine within 1,000 feet of a public, private or parochial elementary, junior, secondary or vocational school or a public or private college, junior college, or university or a playground or a housing facility owned by a public housing agency or

22

within 1,000 feet of a public or private youth center, school bus stop or public swimming pool or public beach, is subject to imprisonment of 20 years or a fine of $20,000, or both.

(5)    Any large-capacity magazine is subject to forfeiture for a violation of this section.

**SECTION 5.** Title 23 Virgin Islands Code chapter 5 is amended as follows:

(a)    in section 461, subsection (d), strike all the language after "minor" in the first instance in which it appears;

(b)    in section 464, strike "subparagraphs (3) and (4) of section 456" in the first and second instance, and insert "section 454";

(c)    in section 481, subsection (b), strike "section 451(f)" and insert "section 451(l)";

(d)    in section 487, strike "section 454" wherever it appears and insert "section 453";

(e)    in section 488, strike "section 454" wherever it appears and insert "section 453".

**SECTION 6.** Title 14 Virgin Islands Code chapter 113 is amended as follows:

(a)    Section 2253 is amended in the following instances:

(1)    in subsection (a), strike "section 451(f) of this code" and inserting "section 451 (l)";

(2)    in subsection (b) strike "machine gun, assault rifle or sawed-off shotgun" wherever it appears and insert "automatic weapon or short-barreled shotgun" and strike "subsection (d)(2) and (3)" and insert "subsection (d)(1) and (7)";

(3)    in subsection (c), strike "had no license" and insert "was not lawfully permitted", and strike "as required in" and insert "under";

(4)    strike subsection (d) in its entirety and insert the following:

"(d)    As used in this chapter:

(1)    "Automatic weapon" means any firearm, as defined in title 23, section 451 of this code, that has the capacity to fire more than one shot without manually reloading with a single pull of the trigger.

(2)     "Constructive possession" means having the power and the intention at any given time to exercise dominion or actual control over the firearm either directly or through another person.

(3)     "Conversion kit" means any part or combination of parts designed and intended for use in converting any firearm into an automatic weapon, and any combination of parts from which an automatic weapon can be assembled; including    machine gun conversion devices, chips, three dimensional printed parts designed to mimic selector plates, and binary triggers which allow a firearm to discharge one round upon the pull of the trigger and a second round upon release of the trigger.

(4)     "Crime of violence" means the crime of, or the attempt to commit, murder in any degree, voluntary manslaughter, rape, arson, discharging or aiming firearms, mayhem, kidnapping, assault in the first degree, assault in the second degree, assault in the third degree, robbery, burglary, unlawful entry or larceny.

(5)     "Firearm" means any device by whatever name known, capable of discharging ammunition by means of gas generated from an explosive composition, which will, or is designed to, or may readily be converted or restored to expel a projectile.

(6)     The term "possession" as used in this section means both actual and constructive possession.

(7)     "Short-barreled shotgun" means any firearm, as defined in title 23 Virgin Islands Code section 451, having any barrel less than 18 inches in length that is designed to fire through a smooth bore, either a number of ball shot or a single projectile."

(5)   in subsection (e) strike "as defined in title 23 chapter 5, section 451(f) of this Code,"; strike "as defined in title 23, chapter 5, section 451(j)" and after "as defined in subsection (d)", strike "(1)";

(6)   in subsection (f) strike "as defined in title 23, section 451(f) of this code and any assault weapon as defined in subsection (d)".

(b)     Section 2254, subsection (b) is amended by striking "machine gun or sawed-off shot gun" and inserting, "automatic weapon or short-barreled shotgun".

(c)     Section 2256 is amended in the following instances:

(1)   in subsection (a)(2), insert "an" before "officer";

(2)   strike the language in subsection (a)(3) and insert "a holder of a valid registration certificate for a firearm of the same gauge or caliber ammunition";

(3)   in subsection (a)(4) strike "to both fine and imprisoned" and insert "or both";

(4)   in subsection (c)(1), strike "firearm as defined in title 23, section 451(f) of this Code" and insert, "device by whatever name known, capable of discharging ammunition by means of gas generated from an explosive composition, which will, or is designed to, or may readily be converted or restored to expel a projectile";

(5)   in subsection (c)(2), strike all the language after "means" and insert, "any bullet, cartridge, projectile, buckshot, or any load placed or which may be placed in a firearm to be discharged."

## SECTION 7. REPEAL OF INCONSISTENT PROVISIONS IN THE CODE OF US VIRGIN ISLANDS RULES.

(a)   Title 23, chapter 5, subchapter 485 of the Code of U.S. Virgin Island Rules, sections 485-1, 485-2, 485-3, 485-4, 485-5, 485-6, 485-7, 485-9, 485-10, 485-11, and 485-16 are hereby repealed.

(b)   All other laws, regulations, or parts thereof inconsistent with this act are hereby repealed.

**SECTION 8. Savings Clause.** Nothing in this act shall be construed to affect the rights of a licensee prior to enactment.

**SECTION 9.** The Commissioner of Police and the Attorney General shall implement a public education campaign on all media regarding this act, firearm safety and firearm education service to run not less than six months after enactment.

Thus passed by the Legislature of the Virgin Islands on June 12, 2026.

Witness our Hands and Seal of the Legislature of the Virgin Islands this 15th day of June, A.D., 2026.

Milton E. Potter
President

Avery L. Lewis
Secretary



Bill No. 36- 0144 is hereby approved.

Witness my hand and the Seal of the Government of the United States Virgin Islands at Charlotte Amalie, St. Thomas, This 24ⁿ day of June, 2026 A.D.

Albert Bryan Jr.
Governor