**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE GOVERNMENT OF THE VIRGIN ISLANDS, THE VIRGIN ISLANDS POLICE DEPARTMENT, AND MARIO BROOKS, in his official capacity as Police Commissioner of the territory of the Virgin Islands,<br><br>Defendants. | Case No. 3:2025-CV-50 |

**RESPONSE TO DEFENDANTS' MOTION TO STRIKE**
**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff submits the following response to GVI's Motion to Strike [ECF 65]. Defendants' motion should be denied. Indeed, as set forth below, the motion is frivolous and Defendants' motion is sanctionable.

The first sentence of Defendants' motion states in pertinent part: "[Defendants] *pursuant to FRCP 12(f)* move to strike the USA's Second Motion for Preliminary Injunction." Def. Mot. 1 (emphasis added). Rule 12(f) states: "The court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The term "pleading" has a specific definition in the rules of civil procedure. "Rule 7(a) defines pleadings as '(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an

1

answer.'"  *Burno v. Wetzel*, 2018 WL 11466524, at *1 n.1 (E.D. Pa. Feb. 26, 2018).  Rule 7(b) refers to "motions and other papers," separately from "pleadings," but a motion is not a pleading. *See Clinkscale v. Comm'r of Soc. Sec.*, 2025 WL 2528907, at *2 n.4 (3d Cir. Sept. 3, 2025) (citing Fed. R. Civ. P. 7).

Because motions are not pleadings, it is elementary, blackletter law that a Rule 12(f) motion to strike cannot be used to attack a motion.  "By its terms, Rule 12(f) motions only may be directed towards pleadings as defined by Federal Rule of Civil Procedure 7(a); *thus motions, . . . should not be viewed as being subject to Rule 12(f)*."  5C *Wright & Miller's Federal Practice & Procedure* § 1380 (3d ed.) (emphasis added).  "Motions . . . may not be attacked by the motion to strike."  2 *Moore's Federal Practice* § 12.37 [2] (3d ed. 1999).

Moreover, numerous cases have held that Rule 12(f) motions to strike are not properly directed at documents that are not "pleadings" as defined by Rule 7(a).  *See, e.g.*, *Reid v. Heartland Payment Sys.*, 2018 WL 488055, at *5 (E.D. Pa. Jan. 19, 2018) ("[C]ourts will deny motions to strike papers other than pleadings."); *Granger v. Gill Abstract Corp.*, 566 F. Supp. 2d 323, 335 (S.D.N.Y. 2008) (denying motion to strike because documents were not pleadings as defined in Rule 7(a)).  *See also Drumm v. Drumm*, 2026 WL 1242865, at *2 (E.D. La. May 6, 2026); *Robles v. Quirch Foods, LLC*, 2025 WL 871606, at *4 (E.D. La. Mar. 20, 2025) (Long, J.), aff'd, 2025 WL 2908822 (5th Cir. Oct. 14, 2025); *S. River Watershed All., Inc. v. DeKalb Cnty.*, 484 F. Supp. 3d 1353, 1362 (N.D. Ga. 2020); *Sharkey v. Humphreys Cnty.*, 2020 WL 2527027, at *1 (N.D. Miss. May 18, 2020); *Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.*, 2019 WL 3817389 (E.D.N.Y. Aug. 14, 2019*); Jeter v. Montgomery Cnty.*, 480 F. Supp. 2d 1293, 1296 (M.D. Ala. 2007); *Int'l Longshoremen's Ass'n, S.S. Clerks Loc. 1624 v. Va.*

*Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995); *Hrubec v. Nat'l R.R. Passenger Corp.*, 829 F. Supp. 1502, 1506 (N.D. Ill. 1993).

Plaintiff's motion for preliminary injunction is not a pleading.  Therefore, Defendant's Rule 12(f) motion to strike Plaintiff's motion must be denied.  Moreover, it appears that Defendants did not perform basic research regarding the applicability of Rule 12(f) before they filed their motion.  The motion to strike is frivolous and sanctionable.

Even if the motion were procedurally proper, it nonetheless must fail because it is premised on a false assumption.  Defendant claims that consideration of Act 9113 is "totally unrelated" to the Complaint.  This is flatly wrong.  As stated in Plaintiff's Second Motion for Preliminary Injunction, ECF 64, Act 9113 continues Defendants' pattern or practice of law enforcement misconduct.  This ongoing misconduct underpins Plaintiff's claim pursuant to 34 U.S.C. § 12601.  Accordingly, Defendant's Motion to Strike fails both procedurally and substantively.

For the foregoing reasons, Plaintiff requests that the Court deny Defendants' Motion to Strike, ECF 65.

DATED: July 24, 2026

ADAM SLEEPER
United States Attorney

ANGELA P. TYSON-FLOYD
Assistant United States Attorney

1108 King Street, Suite 201
Christiansted, VI 00820
340-773-3920
angela.p.tyson-floyd@usdoj.gov

Respectfully submitted:

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS OSETE
Principal Deputy Assistant Attorney General

R. JONAS GEISSLER
Deputy Assistant Attorney General

*/s/ Barry K. Arrington*

_____
BARRY K. ARRINGTON
Acting Chief
Second Amendment Section

GREGORY DOLIN
Senior Counsel

WILLIAM J. HANRAHAN
ANDREW COFFARELLI
Trial Attorneys
Second Amendment Section

*Attorneys for Plaintiff*
UNITED STATES OF AMERICA

4