**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISON OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|            Plaintiff, | ) CASE NO. 3:2025-CV-00050 |
| | ) |
| v. | ) |
| | ) |
| THE GOVERNMENT OF THE VIRGIN ISLANDS, | ) |
| VIRGIN ISLANDS POLICE DEPARTMENT, AND | ) |
| MARIO BROOKS, in his official capacity as Police | ) |
| Commissioner of the Territory of the Virgin Islands, | ) |
| | ) |
|            Defendants. | ) |
| | ) |

**OPPOSITION TO USA'S SECOND MOTION FOR PRELIMINARY INJUNCTION**

COME NOW the Government of the Virgin Islands, Virgin Islands Police Department and Mario Brooks, in his capacity as Commissioner of VIPD, (hereinafter "GVI") and herein files its opposition to the USA's Second Motion for Preliminary Injunction. {ECF No. 64]. In support of this opposition, the GVI states that (1) the USA is not entitled to injunctive relief on newly raised claims that lie outside the operative complaint; (2) Section 12601 does not authorize injunctive relief based the USA's challenge of the unconstitutionality of certain provisions of Act. No. 9113 and (3) the USA has no standing to raise irreparable injury, defendant harm, or the public interest arguments. The GVI has already moved to strike [ECF No.65] the USA's Second Motion for Preliminary Injunction and hereby substitutes this more comprehensive response to the USA's motion.

**PERTINENT FACTS**

On July22, 2026, the USA filed its Second Motion for Preliminary Injunction. In support of this motion, the USA advised the Court of a July 17, 2026, Third Circuit decision in *Association of New Jersey Rifle & Pistol Clubs v. Attorney General of New Jersey* 2026 WL

2075513 where private parties sued the Attorney General of New Jersey.   The USA posits that the *ANRJRPC* ruling makes certain provisions of Act No. 9113 unconstitutional and seeks to enjoin the GVI's from implementing those provisions.  The USA argues that § 12601 provides the Court with jurisdiction to grant injunctive relief.

**STANDARD OF REVIEW**

Rule 65 of the Federal Rules of Procedures imposes preconditions on the issuance of injunctions, including TROs. For an injunction to issue:

> Plaintiffs must demonstrate (1) that they are reasonably likely to prevail eventually in the litigation and (2) that they are likely to suffer irreparable injury without relief. If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [defendants] more than denying relief would harm the plaintiffs and (4) whether granting relief would serve the public interest.

*Hope v. Warden York Cty. Prison* 972 F.3d 310, 319-320 (3d. Cir.2020)

A court usually issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. *Devose v. Herrington* 42 F.3d 470, 471 (1994) [T] here must be "'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Little v. Jones*, 607 F.3d 1245, 1251 (8th Cir. 2010) (quoting *Devose* at 471 (8th Cir. 1994)).  A preliminary injunction is an extraordinary remedy, and the party seeking it must show, at a minimum, a likelihood of success on the merits and that they are likely to face irreparable harm in the absence of the injunction. *Ball v. Famiglio* 396 Fed. Appx. 836,837(3d. Cir. 2010).

*Grupo Mexicano* establishes that the equity jurisdiction of federal courts is strictly confined to the system of judicial remedies administered by the English Court of Chancery at the time the Constitution was adopted and the Judiciary Act of 1789 was enacted. *Grupo Mexicano de Desarrollo, S. A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999). The Supreme Court

warned that federal courts have no democratic authority to "craft a 'nuclear weapon' of the law" by inventing sweeping, novel preliminary remedies that were historically unavailable in equity. *Id.* at 332. Because there is absolutely no historical precedent from 1789 allowing the federal government to use a "pattern or practice" civil rights statute to facially enjoin a state or territorial legislature's firearms laws, the District Court lacks the authority under Rule 65 to grant such a remedy.

## ARGUMENTS

### A. THE USA IS NOT ENTITLED TO INJUNCTIVE RELIEF ON CLAIMS RAISED OUTSIDE THE OPERATIVE COMPLAINT.

Rule 65 injunctive relief exists to protect the court's ability to decide the case before it: A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. *Devose v. Herrington*, 42 F.3d 470,471 (8th Cir. 1994) (per curiam). Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *Id. at* 471 *citing Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)). In *Devose*, the Court recognized that new assertions might support additional claims against the same prison officials but opined that they cannot provide the basis for a preliminary injunction in that lawsuit. *Id.* at 471 *citing Stewart v. United States I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985)). The same principle is traced to *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945), and is generally applied across the circuits.

*De Beers* explicitly holds that a preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally. *Id.* It is entirely

USA v. GVI, VIPD & Brooks
Civil No. 3:2025-cv-00050
GVI Opposition to USA Second Motion for Preliminary Injunction
Page 4 of 11

unauthorized if it deals with a matter lying wholly outside the issues in the suit and concerns

matters that cannot be dealt with in a final decree. The USA's operative Complaint only seeks to

eliminate specific VIPD licensing practices (such as home safe inspections and processing

delays). It does *not* seek a final permanent injunction to strike down territorial gun or magazine

bans. Therefore, a preliminary injunction enjoining Act No. 9113 is a matter lying wholly

outside the issues of the actual lawsuit, which *De Beers* strictly forbids.

Here, the United States, in a three-count Complaint, seeks declaratory and equitable relief

under 34 U.S.C. § 12601(b) to challenge VIPD practices which affected individuals seeking

firearms licenses[1]. In Count I, the USA challenged the VIPD's former practice of conditioning

the grant of a gun license on the search of private dwellings to verify the installation of a safe

and the burdens of the cost to purchase and install a safe. In Count II, the USA challenged the

unreasonable delays in processing firearms licenses, the VIPD's failure to provide applicants

timely notice of the status of firearms applications and the reasons for delays as well as

unreasonable delays in annual gun inspections. Finally, in Count III, the USA challenged former

23 V.I.C. § 454(3)[2] the former VIPD practice which conditioned an applicant's license for a

firearm upon the showing of a "proper reason".

In the pending motion, the USA now complains of unconstitutional provisions in Act No.

9113. [ECF No. 64, pg.3]   Act No. 9113 was signed into law on, less than a month ago,

specifically on July 24, 2026.  The Plaintiff's complaint was filed on December 16, 2025, more

than seven months before Act No. 9113 became the law of the Virgin Islands. It would have

impossible for any of the concerns raised in the USA's motion to have been asserted in the

---

[1] All actions complained of occurred prior to passage and implementation of Act No, 9113.
[2]  This section was repealed on June 24, 2026, by Act No. 9113.

original complaint.  The USA cannot simply append new claims in a motion that they deem

"similar" but not arising out the Complaint and contend that injunctive relief is appropriate.

Importantly, Devose has clearly established long standing precedent that would foreclose the

USA,  from raising new assertions to support a preliminary injunction entirely unrelated to the

conduct asserted in the underlying Complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.

1994)).  Based on the foregoing, the GVI respectfully requests that the USA's Second Motion for

Preliminary Injunction be denied.

## B.  SECTION 12601 LIMITS INJUNCTIVE RELIEF TO PATTERN AND PRACTICE NOT TO STATUTORY CHALLENGES.

Again the USA new claims relate to unconstitutional provisions of Act No. 9113.  [ECF No.

64, pg. 3.]  The USA shrouds its contest of the statutory provisions of Act No. 9113 under the

guise that it is policy which amounts to a "pattern and practice".  Such an interpretation is an

impermissible extension of the express predicate limitations of § 12601.  The USA's request for

injunctive relief specifically challenges to statutory provisions of Act No. 9113 based the USA's

interpretation of the recent Third Circuit decision.

The USA specifically argues that Act No. 9113 allows law enforcement to implement its

official policies in a manner that deprives individuals of federally protected rights.   The USA

seeks to have the court stretch § 12601 authority to also cover constitutionality challenges.  Such

challenges exceed § 12601 statutory limitations of pattern and practice conduct.

Title 34 USC § 12601 (a) provides:

It shall be unlawful for any governmental authority, or any agent thereof, or any person
acting on behalf of a governmental authority, to engage in a **pattern or practice of conduct**

USA v. GVI, VIPD & Brooks
Civil No. 3:2025-cv-00050
GVI Opposition to USA Second Motion for Preliminary Injunction
Page 6 of 11

by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

Importantly, the Third Circuit Court of Appeals has previously rejected granting that the Attorney General [USA] sweeping implied authority to advance civil rights of third parties, absent an express statutory grant of the necessary authority. *United States v. City of Philadelphia* 644 F.2d 187, 190 (1980). A careful distinction must be made between existing "pattern and practice" and challenges to the constitutionality of a statute. The USA's reliance on *Christensen v. Park City Mun. Corp*. is misplaced. *Id*. at 554 F.3d. 1271(10th Cir.2009.) In *Christensen,* an individual Plaintiff (not the USA) brought an § 1983 action against local law enforcement officers who were actively enforcing based on ordinances related to selling goods. *Id*. at 1273. Suits by individuals challenging laws and/or practices under § 1983 are distinct from the overly broad interpretation that the USA seeks in support of its request for injunctive relief. In *USA v. Philadelphia,* § 12601 is not mentioned nor are the facts of the case premised a pattern or practice by local authorities.

The USA's reliance on *United States v. City of Maricopa*, to support its policy equal "patterns and practices" argument is also misplaced. *Id*. at 889 F.3d 648 (9th Cir.2018). Although the underlying suit in City of Maricopa was brought under 42 U.S.C. § 1983 and 34 USC § 12601, this suit again was based on ongoing unlawful policing policies and not a "direct challenge to the constitutionality of the underlying statue. *Id.* at 649-650. Both cases involve instances of ongoing law enforcement operational conduct resulting from the enforcement of existing departmental policies. Enforcement on ongoing policies which result in operational (pattern and practice) should not be conflated with a direct challenge to constitutional of new

USA v. GVI, VIPD & Brooks
Civil No. 3:2025-cv-00050
GVI Opposition to USA Second Motion for Preliminary Injunction
Page 7 of 11

enacted statute, as the USA poses here. There is no legitimate question that Act No. 9113 is the impetus of the USA's motion.

Title 34 USC § 12601(b) provides that the Attorney General "may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice." *Id.* (emphasis added.) In its motion, the USA specifically asserts that Act No. 9113 contains two provisions that are glaringly unconstitutional. [ECF No. 64, pg. 2, lines 2-3]. No complaint exists on a factual predicate of patterns and practices arise under noted provisions of Act No. 9113. This motion is the USA's facial challenge to the enactment of Act No. 9113. It is the USA's challenge to Act No. 9113, not any ongoing VIPD's patterns and practices for which injunctive relief is sought. Injunctive relief under § 12601, as presented by the USA, would not be appropriate. Notably, to date, no court has adopted the broad reading of the authority of § 12601 which the USA has presented to this Court.

The only judicial engagement to date, on this issue, to date, is, *United States v. California*, No. 8:26-cv-01697-MRA-ADS (C.D. Cal. July 9, 2026) (ECF No. 26), where the court denied the TRO and held the USA's theory "novel," "not obviously sound," and of "uncertain viability," and wrote the following:

"Neither party identifies a previous instance in which the United States brought a Section 12601 claim for a violation of the Second Amendment, and the Court cannot find one. Nor is there any historical precedent for utilizing Section 12601to argue that law enforcement officers engaged in a pattern or practice of unlawful conduct by enforcing a state firearms law. Thus, it is unclear whether Section 12601 grants the United States the authority to challenge AB 1127 because AB 1127 is not a law enforcement policy but rather a law passed by the California legislature that proscribes private conduct." *Id.* at 6. The order also expressly noted that "no court has determined whether the United States is authorized by the statute to facially challenge a state firearms law." *Id.* at 5.

Based on the foregoing, the GVI respectfully requests that the USA's motion be denied.

USA v. GVI, VIPD & Brooks
Civil No. 3:2025-cv-00050
GVI Opposition to USA Second Motion for Preliminary Injunction
Page 8 of 11

**C. THE USA HAS NOT SATISFIED RULE 65 CRITERIA, AS SUCH INJUNCTIVE RELIEF IS NOT AVAILABLE.**

In its motion, the USA asks the Court to take affirmative action and prevent VIPD from implementing certain provisions of Act No. 9113.  Notably, the USA is not seeking to preserve the status quo.  A mandatory injunction is "[a]n injunction that orders an affirmative act or mandates a specified course of conduct." Black's Law Dictionary (11th ed. 2019).  Where the Court grants a mandatory injunction, a heightened standard applies. *Bennington Foods, LLC v. St. Croix Renaissance Grp., LLP*, 528 F.3d 176, 179, 49 V.I. 1176 (3d Cir. 2008). So Petitioners, here, bear a "particularly heavy" burden, *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994), requiring them to show a substantial likelihood of success on the merits and that their "right to relief [is] indisputably clear," *Trinity Indus., Inc. v. Chi. Bridge & Iron Co.*, 735 F.3d 131, 139 (3d Cir. 2013) (quoting *Communist Party of Ind. v. Witcomb*, 409 U.S. 1235, 1235, 93 S. Ct. 16, 34 L. Ed. 2d 40 (1972)).

The USA, in its motion, cites *Nken v. Holder* 556 U.S. 418, 435 (2009)[3] in its analysis that Government Defendants are entitled to a collapsed public harm and public interest scrutiny under Rule 56..  In *Nken*, the Government opposed a Plaintiff's request to stay of removal proceedings. *Id*. at 422. This reasoning is flawed and inapplicable because the USA, in this suit is the Plaintiff, as such, the *Nken* public harm and public interest analysis does not apply to the USA.  Here, the public harm and public interest factors weigh in favor of maintaining the status quo. They weigh in favor of the GVI.

---

[3] [ECF NO. 64  p.4]

USA v. GVI, VIPD & Brooks
Civil No. 3:2025-cv-00050
GVI Opposition to USA Second Motion for Preliminary Injunction
Page 9 of 11

Without waiving argument on the Rule 56 likelihood of success on the merits prong, the GVI states that the USA cannot prove irreparable harm.  In the Third Circuit, irreparable harm is that which "cannot be redressed by a legal or an equitable remedy following a trial." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994). Injunctive relief is limited to circumstances in which the injury alleged is not only irreparable, but actual and imminent. *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618, 7 V.I. 45 (3d Cir. 1969) (noting that injunctive relief may not be used to simply "eliminate a possibility of remote future injury, or a future invasion of rights . . .").*T. Rowe Price Grp., Inc. v. Needle,* 2026 U.S. Dist. LEXIS 4321, *14 Likelihood of success on merits is not sufficient for a preliminary injunction. *Del. State Sportsmen's Ass'm v. Del. Dep't of Safety & Homeland Sec.* 108 F. 4th 194 (3d. Cir. 2024)

As irreparable harm the USA cites harm to the constitutional rights of individuals based on VIPD violations. [ECF No. 64, pg. 5]. Constitutional harm is not necessarily synonymous with the irreparable harm necessary for issuance of a preliminary injunction." *Hohe v. Casey*, 868 F.2d 69, 73 (3d Cir. 1989).  The USA has failed and cannot articulate a legal basis on which they are able to advocate as to the constitutional rights of unidentified third parties.  The only possible harm, if any, runs directly to third parties, not the USA. By its own motion it asks the Court to assume, without evidence, that there are magazine owners that will be affected by Act No. 9113. The USA relies on *Seigel v. Platkin* 653 F. Supp. 3d 136 (D.N.J. 2023) where was a threat of criminal prosecution and *Rigby v. Jennings* 630 F. Supp. 602 (D. Del 2022) where threat of criminal penalties), however both apply only to private plaintiffs not the Government.

In *United States v. Texas* 599 U.S. 670 (2023) the Supreme Court reaffirmed the Article III principle that a plaintiff lacks standing to contest enforcement or prosecution policies when he

USA v. GVI, VIPD & Brooks
Civil No. 3:2025-cv-00050
GVI Opposition to USA Second Motion for Preliminary Injunction
Page 10 of 11

himself is neither prosecuted nor threatened with prosecution. *Id.*at 674 When a government entity enforces a law, it does not exercise coercive power over the *United States's* own liberty or property.

To establish standing, the alleged injury must be legally and judicially cognizable. The USA's motion seeks to litigate the potential, speculative injuries of third-party gun owners who might be affected by Act No. 9113. Under *Texas*, the USA cannot bootstrap these third-party grievances to establish its own Article III standing, as it suffers no direct, coercive harm itself.

In *Del. State Sportsman* the Third Circuit in reflecting the rushed judgment that often accompanies preliminary injunctions reasoned:

Early in a case, the merits are seldom clear, even when they seem black and white. The litigation process gradually adds hues to this monochrome sketch, sharpening the issues until the trial provides full color. Jumping to conclusions this early is like finding guilt right after hearing each side's key witness, without keeping an open mind long enough to reflect on their weaknesses. A rushed judgment is a dangerous one; judges must be humble enough to stay their hands.

*Id. at* 203.

Based on the foregoing, the GVI respectfully requests that the USA Second Motion for Preliminary Injunction be denied.

DATED: DATED: August 5, 2026

RESPECTFULLY SUBMITTED,
GORDON C. RHEA, ESQ.
ATTORNEY GENERAL

BY:    /s/Ariel M. Smith
ARIEL M. SMITH, ESQ.
Assistant Attorney General
Bar No. 532
V.I. Department of Justice
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, VI 00802

USA v. GVI, VIPD & Brooks
Civil No. 3:2025-cv-00050
GVI Opposition to USA Second Motion for Preliminary Injunction
Page 11 of 11

Phone: (340) 774-5666
E: ariel.smith@doj.vi.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, I have caused an exact copy of the foregoing to be served electronically through the e-filing system upon the following counsel and all other counsel of record:

Angela P. Tyson-Floyd
Assistant United States Attorney
Civil Chief & Financial Lit. Coordinator
1108 King Street, Suite 201
Christiansted, VI 00820
Email: angela.p.tyson-floyd@usdoj.gov

William Hanrahan  William.hanrahan@uddoj.gov

Barry K. Arrington barry.arrington@usdoj.gov

By: /s/ Ariel M. Smith_____